## YOUNG vs. PEARSON et al.

Where a complaint filed to compel a partnership account, contained sufficient to call upon the defendants for an account as to a particular branch of their business, but was, in other respects, inartificially drawn and insufficient, and a demurrer was put in to the whole complaint; Held, that the demurrer must be overruled.

The law of Louisiana requires a partnership contract to be in writing—the law of California does not require it to be in writing; Held, that a verbal partnership agreement entered into in Louisiana, but which was to be executed in California, was valid.

APPEAL from the district court of the sixth judicial district. The demurrer which was put in to the complaint having been sustained by the district court, an appeal was taken to this court. The nature of the complaint and demurrer will be found in the opinion of the court.

*By the Court*, BENNETT, J. The complaint in this cause was filed for the purpose of compelling a partnership account. It sets forth numerous reasons and inducements to show how the plaintiff was led to embark in the proposed operations of the defendants, all which should have been stricken out by the court below as surplusage. It then alleges "that the copartnership " was formed, as will be fully proven on the trial," but does not state for how long a time it was to continue, or in what proportions the parties were to bear the losses or receive the profits of the concern. It says that " it was settled at what time he (the

" plaintiff) should join the defendants in California," but does not allege that he joined them within that time, or give any reason for not doing so. The nearest approach to this is the allegation that on the 11th day of May, 1850, as soon as his business in New Orleans could be closed, he embarked to join his partners in California, and arrived here on the 6th day of July. On his arrival he was informed by his associates that he was no longer considered as a partner, and the complaint charges that he " then demanded a settlement of the whole partnership " transactions, according to the original agreement of partner- " ship," but does not give the slightest intimation as to what that original agreement was. It then charges that the defendants have been purchasing and trading in land, and that they have realised from their business a large sum of money, which should be considered as partnership property, and that such land was purchased on partnership account, without alleging that it was purchased with partnership funds. It further charges that the plaintiff furnished five hundred dollars in cash, besides tools and machinery and goods, before his associates left New Orleans, for the purpose of starting the partnership business, and that such property has been sold by the defendants, and that the proceeds thereof, together with the money advanced by the plaintiff, have remained in the hands of the defendants, they refusing to account therefor. A demurrer was put in to the whole complaint.

The complaint is very inartificially drawn, but I think it contains sufficient substance to call upon the defendants to account for the advances made by the plaintiff in money and goods and machinery. That is enough to sustain the complaint against the demurrer. The demurrer goes to the whole complaint, and if any real cause of action is set forth therein, it is in substance sufficient. Whether the complaint is sufficient to call upon the defendants to account for the land which they hold, or the profits which they have made out of land operations, it is not necessary now to determine. One of the grounds of demurrer is, that it is not alleged in the complaint that the real estate was purchased with partnership funds for partnership pur-

poses. If this objection covered the whole complaint, it would be necessary to consider it. But as it goes to a part only, it is not.

The other ground of demurrer covers the whole case, but the position assumed therein is not tenable. Whatever the law of Louisiana may be, the law of California does not require that a partnership agreement should be in writing. The partnership business was to be prosecuted here, and the contract must be governed by the laws of this state. It is no objection, therefore, that the contract was not in writing.

The demurrer is overruled, and the cause remanded for trial, or for such other disposition as the district court shall see fit to make of it.

Ordered accordingly.