# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## OCTOBER TERM, 1865.

## MARIA T. P. DE CASTRO *v.* JEREMIAH CLARKE *et als.*

ACTION · ON UNDERTAKING TO STAY WRIT OF RESTITUTION PENDING AN APPEAL.— In an action on an undertaking executed by and on behalf of the defendants in a judgment in ejectment, conditioned to pay the value of the use and occupation of the premises pending the appeal, an answer setting up that pending the appeal the plaintiff conveyed a part of the premises to one or more of the defendants in the judgment, and had leased portions to other parties, does not state facts sufficient to constitute a defense.

IDEM.—Such answer failing to show when the conveyance was made, it will be deemed not to have been made until the last day the appeal was pending.

IDEM.—Such answer is also defective in not stating that the use and occupation of the portions of the premises conveyed and leased was of any value.

RIGHT OF ACTION ON UNDERTAKING TO STAY WRIT OF RESTITUTION.— A right of action on an undertaking executed to stay a writ of restitution pending an appeal from a judgment in ejectment accrues upon the affirmance of the judgment, though the liability of the obligors may continue until the appellants deliver possession of the premises recovered.

RECOVERY ON UNDERTAKING TO STAY WRIT OF RESTITUTION.—The plaintiff in a judgment in ejectment in an action on an undertaking to stay a writ of restitution pending an appeal, can recover the value of the use of whatever part of the premises the defendants occupied, if the judgment is affirmed.

SURETIES ON UNDERTAKING TO STAY WRIT OF RESTITUTION.—If, pending an appeal from a judgment for plaintiff in ejectment, the plaintiff sells or leases a part of the premises recovered, the sureties on an undertaking to stay a writ of restitution pending the appeal are not released from their liability on the same.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*J. Clarke,* for Appellants.

The undertaking being to the effect that the defendants in the ejectment would " pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment, not exceeding four thousand dollars," as required by section five hundred and fifty-two of the Practice Act, any payment of rent of any part of the premises during said period was a discharge *pro tanto* of said undertaking, for the reason that as far as it went it was the doing by said defendants of the very thing which the obligors in the bond stipulated and promised that they should do. (*Turpey* v. *Shellenberger*, 10 Cal. 390; *People* v. *Buster*, 11 Cal. 15.)

The sale and lease of portions of the premises pending the appeal operated as a total release of the sureties on the appeal bond, because the plaintiff thereby parted with a security to which the sureties were entitled upon the payment of the amount due on the bond. The sale of the entire premises would of course have carried with it the right to the rents and profits from the date of the sale, and also to the security held by the plaintiff for the payment thereof; that is, to the bond in question. Of course, a sale of part of the premises would be an assignment *pro tanto* of the bond. Now it is certainly competent for the sureties, upon tendering the amount due on the bond, to demand an assignment of the latter to themselves, (or rather to their trustee,) so as to force payment of it out of their principals. But the plaintiff has voluntarily put it out of his power to assign the bond, because in selling

to Ringstorff, and the successors in interest of the two Rices, neither of whom was on the bond, and only one defendant in the ejectment, plaintiff equitably assigned the bond *pro tanto* to them, and thereby put it out of his power to assign the same for the benefit of the sureties.

The new contracts touching the occupation of land (the leases and sales) *ipso facto* discharged the sureties. "If the original contract is altered in any material point, so as to constitute a new agreement varying substantially from the former, the surety is no longer bound." (Addison on Contracts, 444.)

*S. O. Houghton*, for Respondent.

It is insisted by counsel that the judgment should be reversed by reason of the error committed by the Court below in sustaining the demurrer to the second count in the answer. The defendants were not prejudiced by the action of the Court in that respect, for if the matters set up in the second count were sufficient to constitute a defense, the defendants had the benefit of the proof of those facts, as they were all proved by the counsel for defendants on the cross-examination of plaintiff's witness, without objection by the plaintiff. The defendants therefore had the benefit of that defense just as fully as though the demurrer thereto had been overruled.

By the Court, CURREY, J.

The plaintiff sued the defendants—nine in number—upon an undertaking bearing date the 19th of June, 1863, by which they jointly and severally undertook and promised that if the judgment rendered in the District Court of the Third Judicial District in and for the County of Santa Clara, in the action of *De Castro* v. *Richardson and others*, should be affirmed on appeal by the Supreme Court, the appellants therein would pay the value of the use and occupation of the premises recovered in that action from the date of said undertaking until the possession of the premises should be delivered pursuant to such judgment. The undertaking of the defendants

was limited to four thousand dollars. Six of the defendants in this action were appellants in the case of Richardson. The other defendants herein were their sureties in the undertaking on which this action was brought. The judgment in Richardson's case was affirmed by the Supreme Court (25 Cal. 49,) but by reason of the appeal execution on the judgment was stayed from the 19th of June, 1863, to the 9th of September, 1864; after which this action was commenced to recover four thousand dollars for the use and occupation of the premises pending the appeal.

The defendants answered, denying each and every allegation of the complaint; and for a special defense they answered that pending the appeal the plaintiff conveyed by deed a large portion of the premises described to Henry Ringstorff, one of the defendants in the judgment mentioned in the complaint. That during the same period " the interest and estate of the plaintiff in another large portion of the premises came by adverse mesne conveyances to the assigns and successors in interest of Charles Rice and Minerva Rice, defendants in the same judgment;" and that during the same period the "plaintiff leased divers large portions of said premises respectively to Caleb B. Crews, Matthew W. Dixon and Andrew Whisman, for terms then commenced and not yet expired." The defendants then averred that by reason thereof, the plaintiff did not and could not take possession of the premises under the judgment affirmed. To this special defense the plaintiff demurred, on the ground that facts therein set forth were insufficient to constitute a defense to the action on the undertaking, and the District Court being of that opinion sustained the demurrer. The cause was then tried by the Court without a jury. A witness was examined respecting the value of the use and occupation of the premises by the defendants in the Richardson case, pending the appeal therein. From the evidence in the case the Court found that fourteen of the defendants in the Richardson case, and those who entered upon the property under them, continued in the occupation of the premises described from the 19th of June, 1863, to the 1st of July.

1864, and that three of the same defendants continued in the occupation of a portion of the premises until the 1st of October, 1864, and that the value of the rents and profits of the portions of the premises so occupied by the defendants in that case, pending the appeal therein, until the possession of the same was surrendered by them, was six thousand nine hundred and fifty-eight dollars. The Court thereupon rendered judgment for the plaintiff against the defendants for the sum of four thousand dollars and the costs of the action. From this judgment and from an order denying a motion for a new trial the defendants appealed.

The errors assigned and for which the defendants maintain the judgment should be reversed, need not to be examined separately, because they can as well be disposed of in reviewing the action of the Court in sustaining the plaintiff's demurrer to the special answer of the defendants.

The effect of the ruling of the Court sustaining the demurrer was that the matters interposed as an affirmative defense were, though admitted to be true, insufficient to constitute any defense to the plaintiff's alleged cause of action. The facts stated as an affirmative defense are that at some time pending the case of Richardson in the Supreme Court, the plaintiff sold and conveyed by deed a portion of the premises, with the right of immediate possession thereof, to Henry Ringstorff; and also that plaintiff leased divers large portions of the same premises to several persons named, for terms commenced and not expired when the answer in this action was filed.

*Defective answer in an action on an undertaking given to stay a writ of restitution pending an appeal.*

It does not appear from the answer at what time, pending the appeal, the deed of conveyance and the leases mentioned were made. They may have been made on the last day the appeal was pending; and if it be assumed that the execution of these transfers could have operated to defeat the plaintiff's right to a recovery in part, as possibly might have been the case had they been made sufficiently early pending the appeal,

it cannot, in the absence of an averment, be assumed that they were made thus early, or at any time sufficiently early to prevent accruing to the plaintiff the right to the value of the use and occupation of the premises for all that period save the last day.

It is to be presumed the party pleading will state the case as favorably for himself as a strict adherence to the truth will permit, and hence the rule is that a pleading is to be taken most strongly against the party making it. Applying this rule to the case in hand, we must hold the special answer to amount only to an averment that the conveyance and leases mentioned were made on the last day the appeal in the Richardson case was pending in the Supreme Court. (*Green* v. *Covillaud*, 10 Cal. 322, 324.)

The special answer does not state that the use and occupation of the portions of the premises conveyed and leased were of any value after such transfers were made, nor of what value, if of any value whatever. This should have appeared in order to have entitled the defendants upon their theory to a credit upon their obligation to its full extent, or to the amount of such value, if less than four thousand dollars.

### *Liability of sureties on an undertaking given to stay a writ of restitution pending an appeal.*

The defendants insist that as the plaintiff had conveyed a portion of the premises by deed absolute, pending the appeal, it became impossible for the time to arrive when the defendants could become liable on their undertaking; for the reason that their obligation was to pay, in case the judgment was affirmed, " the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof, pursuant to the judgment," not exceeding however the sum specified in the undertaking. The term specified was limited by two events. The taking of the appeal was one, and the delivery of the possession pursuant to the judgment was the other. The defendants' promise and undertaking was that the appellants named in the undertaking on appeal would

pay for the use and occupation of the property for that period and no longer. The delivery of the possession of the premises to the plaintiff, pursuant to the judgment recovered and affirmed, was not a condition precedent to her right to maintain her action. The affirmance of the judgment by the Supreme Court was the condition on which the defendant's liability became absolute, though its extent in such a case might not be limited by that event; because they bound themselves that the appellants would pay the value of the use and occupation of the property, pending the appeal, and until the delivery of the possession thereof pursuant to the judgment—that is, until its delivery to the party entitled to the possession of it, as determined by the judgment. The plaintiff was entitled to the value of the use and occupation of the property held and enjoyed by the appellants in the Richardson case adversely to her, pending their appeal, whether it was the whole or only a part of the premises, and to recover such value to the extent of four thousand dollars, if it amounted to so much, in an action founded on the undertaking in question.

The defendants, who were sureties for the appellants in the case of Richardson, contend that the sale and lease of portions of the premises pending the appeal, operated as an entire release of the sureties, because they say the plaintiff thereby parted with a security to which the sureties were entitled upon the payment of the amount due on the undertaking. We think it would be impossible to discover any valid ground on which to support this position. What was the security which the plaintiff held for the use and occupation of the property? It was not the land, for that belonged to the plaintiff. It cannot be said that by conveying a portion of the land, and leasing another portion of it, the plaintiff parted with a security to which the sureties would either at law or in equity be entitled were they to pay the amount due for the use and occupation of the property while she was entitled to its possession, for the reason that the land did not belong to the appellants named in the undertaking, nor were they enti-

tled to its use and occupation. If the appellants mentioned in the undertaking had pledged to the plaintiff property of any kind as an additional security for the payment to her of whatever might be ascertained to be the value of the use and occupation of the land pending the appeal, it may be admitted the sureties would, upon payment of the amount for which they had become liable by their undertaking, be entitled, for their indemnity, to an assignment or transfer of such additional security. But there is nothing in this case that would authorize an application of the principle which entitles a surety, upon payment, to an assignment or transfer of the securities of the principal obligor, or debtor, in the hands of the obligee, or creditor.

In our judgment the demurrer to the special answer of the defendants was properly sustained.

Judgment affirmed.

Mr. Chief Justice SANDERSON expressed no opinion.