[No. 7,565. In Bank.—April 27, 1885.]

## W. H. CLARK, RESPONDENT, v. JOHN SMITH ET AL., APPELLANTS.

UNDERTAKING ON APPEAL—EJECTMENT—STATUTE OF LIMITATIONS.—A right of action on an undertaking on appeal in an ejectment suit, given to secure the value of the use and occupation of the property in controversy, accrues on the affirmance of the judgment, and an action thereon must be brought within four years thereafter, or it will be barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Flournoy & Mhoon,* for Appellants.

*B. S. Brooks,* for Respondent.

McKEE, J.—The cause of action in this case arose out of an undertaking on appeal, which was given by the defendants in the action, to stay execution of a judgment for possession of a tract of land, damages, and costs, recovered on the 19th of April, 1869, by John W. Littlefield, against John Nichol and Thomas Weise. By the terms of the undertaking, the obligors "acknowledged themselves jointly and severally bound in the sum of $3,000 (being the amount for that purpose fixed by the judge of the court), that if the said judgment appealed from be affirmed, the said appellants would pay the value of the use and occupation of the property from the time of the appeal until delivery of possession thereof, not exceeding said sum of $3,000," etc. The judgment appealed from was affirmed on the 30th of January, 1872, and on that day the *remittitur* from the appellate

court was filed in the lower court; but the appellants made default in payment of the value of the use and occupation of the land, and the plaintiff, as assignee of the judgment and undertaking on appeal, commenced the action in hand on the 7th of September, 1876, upon the undertaking, to recover damages for the breach of their undertaking.

The allegations in the plaintiff's complaint as to the statement of his cause of action are as follows:

" That he has been entitled to the use and occupation of said land, and the rents, issues, and profits thereof, which have been during the pendency of said appeal, and long before and after, withheld from him ; * * * that * * * the value of the use and occupation of the property, from the time of the appeal until the filing of the *remittitur*, was more than $5,000; and that he had sustained more than $5,000 damages by reason of said appeal, and stay of execution."

Therefore he asked judgment for the sum of $3,000—the amount specified in the undertaking. To this complaint the defendants demurred, upon the ground that more than four years had run, upon the cause of action stated herein, before the commencement of the action, and the right of action was barred. The demurrer was overruled, and this is the principal assignment of error. The question, therefore, is whether the face of the complaint shows that more than four years had run between the time the cause of action stated in the complaint accrued and the commencement of the action thereon.

As we have said, the cause of action arises out of the undertaking on appeal. Liability upon such an undertaking accrues upon the affirmance of the judgment to which the undertaking relates. It was so held in *Crane* v. *Weymouth*, 54 Cal. 480, and *Castro* v. *Clarke*, 29 Cal. 11, " though," says the court, in the last case, " the liability may continue until appellant delivers possession of the premises recovered." Objection, however, is made that the last case is not authority for the proposition, that a cause of action on an undertaking to pay the value of the use and occupation of property, from the time of an appeal from a judgment until delivery of the possession of the property, accrues on the affirmance of the judgment, because it was not demanded by the exigencies of the case. On the contrary,

that was the very question at issue; and in that particular, as in almost all others, the case itself corresponds with the case at bar, for the undertaking upon which the action was founded was precisely similar in its terms to the undertaking in .this case. It was also given to perfect an appeal from a judgment in ejectment recovered against twenty or more defendants; and, pending the appeal, the plaintiff conveyed to five or six of the defendants portions of the demanded premises. After the transfers, the judgment appealed from was affirmed, execution was issued, and the plaintiff sued on the undertaking, to recover for the use and occupation of the land before he was put in possession. At the trial it was found as a fact that fourteen of the defendants had had the use and occupation of the premises from the time of the appeal until the first of July, 1864—five months before the issuance of the execution; and it was contended that there was no breach of the undertaking, and no cause of action to recover the value of such use and occupation, because the plaintiff, by his transfer of portions of the land, did not and could not take possession pursuant to the judgment. That the court answered thus:

" The defendants' promise and undertaking was that the appellants named in the undertaking on appeal would pay for the use and occupation of the property for the term specified in the undertaking. The delivery of the possession of the premises to the plaintiff, pursuant to the judgment recovered and affirmed, was not a condition precedent to her right to maintain her action. The affirmance of the judgment by the Supreme Court was the condition on which the defendants' liability became absolute, though its extent in such a case might not be limited by that event."

So, in this case, the action on the undertaking was brought after the affirmance of the judgment by the Supreme Court, and before delivery of possession of the recovered premises pursuant to the judgment, for the value of the use and occupation of the premises for the time stated in the complaint. Upon the affirmance of the judgment, the value of the use and occupation from the time of the appeal became due and payable. Non-payment operated as a breach of the condition of the undertaking; for the condition was to pay, if the judgment appealed from was

affirmed, not only from the time of the appeal, but until delivery of possession of the land pursuant to the judgment. The only breach assigned, however, involves the non-payment of the value of the use and occupation of the land from the time of the appeal, *i. e.*, from the twenty-seventh day of July, 1870, until the thirtieth of January, 1872. That is the only cause of action stated in the complaint, and it is the only question with which we have to deal; for whether any other breach of the undertaking may be assigned as a cause of action, for the value of the use and occupation of the land not included in this action, is a question with which we have nothing to do in this case. The demurrer should have been sustained, for as the complaint was filed on the seventh of September, 1876, more than four years after the cause of action accrued, the action was barred by the statute of limitations. (§ 337, Code Civil Proc.)

Judgment and order reversed, and cause remanded.

SHARPSTEIN, J., MYRICK, J., and ROSS, J., concurred.

MCKINSTRY, J., concurred in the judgment.

THORNTON, J., dissenting.—I dissent. I adhere to my opinion as formerly delivered, which I file as my opinion in this case.

The following is Mr. Justice Thornton's opinion, above referred to, filed September 30, 1884:

THORNTON, J.—On the nineteenth day of April, 1867, Littlefield recovered judgment, in the fifteenth district court for the city and county of San Francisco, against Nichol and Weise, for the possession of a tract of land, etc., and on appealing to this court an undertaking was given, signed by defendants, for the purpose of staying the execution of the judgment, by which they jointly and severally undertook and promised, on the part of the appellants, that if the judgment appealed from was affirmed, the appellants would pay the value of the use and occupation of the property, recovered from the time of the appeal until the delivery and possession thereof, not exceeding the sum of $3,000. The judgment was affirmed on the thirtieth of January, 1872, and the *remittitur* was filed on the same day, in the district court above mentioned. The above facts were set forth

in the complaint, and it was further averred therein that the land above mentioned was, on the twenty-third of November, 1870, conveyed to the plaintiff, and that there had been assigned to the plaintiff the undertaking, and all rights of action thereon. It is further alleged, that on the same day on which the *remittitur* was filed in the district court, Nichol brought his action in the same district court against Littlefield and others, and procured an injunction to be issued, restraining the defendants, including plaintiff herein, from executing the judgment above mentioned; and that the injunction remained in force until the twenty-fourth of February, 1876, when it was dissolved. The complaint proceeds to allege that the plaintiff was entitled to the use and occupation of the land conveyed, the value thereof, and that the rents, issues, and profits are of the annual value of $2,000, all of which has been withheld from plaintiff, and that he has sustained damage to the amount of more than $5,000. This action was commenced on the seventh day of September, 1876. To this complaint defendants demurred, and as a ground of demurrer assigned that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure, and that it did not accrue within four years before the commencement of the action. The period of limitation mentioned in section 337 of the Code of Civil Procedure is four years. The court below overruled the demurrer. It is contended that this was error.

We consider it settled in this state, that the plaintiff was not obliged to wait for the delivery of the possession of the land for which the judgment above mentioned had been recovered, before commencing his action on the undertaking (*De Castro* v. *Clarke*, 29 Cal. 11; *Crane* v. *Weymouth*, 54 Cal. 476); and further, that the affirmance of the judgment was the condition on which the defendants' obligation became absolute. (Same cases just above cited.) The court, in ruling the latter point, in *De Castro* v. *Clarke*, adds to it the remark, " though its extent in such a case might not be limited by that event." (29 Cal. 11.) But though an action can be brought at the period and in the circumstances above stated, it does not follow that the cause of action is complete, or has accrued for use and occupation for a period of time for which a recovery could not be had

in the action brought.   If the action had been brought on the thirty-first of January, 1872, before delivery of possession, the plaintiff certainly could not have recovered anything for use and occupation after the trial—may be, not for any use and occupation had after the action was commenced.   For such later period, there would have been no breach when the action was commenced. There certainly could not have been a recovery on a breach occurring after action brought.   Such being the case, the right of action only fully accrues when the use and occupation had been had. The statute of limitations can only act on breaches when they occur.   Is there not a breach every day that the possession is witheld by the appellant ?   Why not?   It has been adjudged that he is not there by right; then he is a trespasser, and for every day's trespass a new action may be commenced.   (Gould, Pl., § 90 c, 3 ; Earl of Manchester v. Vale, 1 Saund. 24, note 1 ; 1 Rolle, Abr. 545.)   The trespass of each day is a new trespass, and furnishes a new cause of action, though they may all be counted on in the same complaint with a continuando.   (See citations just above.)   We think it a just inference that the cause of action arises on each breach as it occurs, and the action for it is only barred when four years have elapsed after the right of action has become complete.   Suppose the action was against the defendants in the ejectment suit, this would certainly be so.   If they had occupied the prescribed period of limitation, viz, four years after the cause of action accrued, and the action was commenced on the last day of this period, there could be a recovery for the four years, and there could be no recovery for anything prior to the four years' period. Could the parties executing the undertaking be responsible for less than the defendants above named, whether they be regarded as guarantors or sureties, or as independent promissors ?   Certainly, their liability, by the terms of the undertaking, would be no less than the parties for whom they became responsible. That is the language of their contract ; they undertake that the appellant will pay the value of the use and occupation for the period mentioned ; and they are protected by the act of limitations, just as the parties for whom they undertake, and no further.

If it is not a contract of guaranty, such contract is very anal-

ogous to it, and the decisions on such contracts afford analogies which furnish a key to the solution of the question before us. The case of *Kirby* v. *Studebaker*, 15 Ind. 45, affords an illustration in point. In that case two persons purchased of a third all the strawberries that might ripen on his patch during the season, and agreed to pay him a given price therefor on delivery. A fourth person became surety for the purchasers, by an agreement to the effect that he would become responsible with them for the purchasers' part of the contract. *Held*, that the contract bound this latter person as a surety for its direct performance, and was in effect that he or his principals would pay for the berries on delivery, and that the seller might have demanded the price as each load was delivered; and on such delivery the purchasers became debtors to the seller to the amount of berries delivered. (See 15th Ind. 47, remarks of court in paragraph commencing " Now as between.") Now, in this case, the right of action was complete when each load of berries was delivered, and if an action had afterwards been brought against the surety, the statute of limitations would not have barred the remedy for any loads delivered within the period of limitation, but would have been a bar for those delivered prior to the period; that is to say, the cause of action arose when the liability became complete, and the plaintiff had the whole period of limitation, whether two, or four, or six years, within which to bring his action. Such was the ruling in *Colvin* v. *Buckle*, 8 M. & W. 680. The contract in that case was one of guaranty, and was contained in a letter dated twenty-second November, 1817, addressed by the defendants to the plaintiffs in these words :

" You having expressed some doubts of the propriety of paying Mr. Gooch his draft on you for £850 in our favor, we hereby engage, if you will pay us the same, we will reimburse you the amount on demand, with interest, in the event of your finding it necessary to call upon us to do so, either from the state of Mr. Gooch's pending accounts with your London or Bengal house, or from any other circumstances."

The facts out of which this transaction arose are as follows : Bazette & Co., who were in this action represented by plaintiffs, were in advance to Gooch, who had sent to Calcutta a cargo of

goods for sale there on his account. The goods were consigned
to Colvin & Co., of Calcutta, plaintiffs' agents, and were to be
disposed of there by them. The proceeds were to be used in
procuring for Gooch a return cargo, to be consigned to plaintiffs in
London, so as to give them security for their advances to Gooch.
In this state of things, defendants applied to Bazette & Co. to
make a further advance to Gooch of £850. But as it was doubtful
whether anything would be coming to Gooch on the termination of
the transactions above stated, the above letter was written by de-
fendants to the plaintiffs. On this letter, Bazette & Co. ac-
cepted and paid Gooch's draft for the sum above mentioned. A
difficulty arose on the return of the ship with the cargo from
Calcutta. The owner of the ship (one Campion) notified the
*East India Company,* in whose docks the vessel lay, not to de-
liver any portion of the cargo without his authority. The com-
pany on this notice sold the cargo, paid the ship owner's de-
mand for freight, and, in consequence of the conflicting claims
from the ship owner, filed an interpleader bill, and paid the bal-
ance of the proceeds into court. Proceedings in court, had
under legal advice, continued between the parties up to 1837,
which resulted adversely to Bazette & Co., plaintiffs. In 1838,
a demand for £850 was made on defendants upon their guaran-
ty. The statute of limitations was pleaded, and the question to
be decided was, when the statute commenced to run ; or, in
other words, when the cause of action accrued. The court ob-
served as follows on this point : " The present action is brought
on the guaranty so entered into by defendants; and the question
is, When did the liability of the defendants first arise? For
from that period, undoubtedly, the statute of limitations began
to run." It was contended on behalf of plaintiffs, that this lia-
bility did not arise until the accounts between Gooch and them
had been adjusted ; and that as such adjustment had been de-
layed by disputes arising on the ship owner's claim of lien for
freight between the owner and the plaintiffs, it did not finally
take place until within six months before the commencement of
the action, and thus the statute did not furnish a defense. The
court held against this intention. " We think," said the court,
by Abinger, Chief Baron, " the cause of action arose as soon as,
by the sale of the return cargo in this country, all the facts

were ascertained on which the adjustment of the pending transactions might and ought to have taken place; and that the delay occasioned by the disputes between the plaintiffs and Campion does not in any manner affect the defendants. Every fact necessary to the adjustment of the accounts existed, and was fully ascertained, prior to the filing of the bill by the East India Company, in 1818." As that event happened more than six years before the action was commenced (which was in 1838), the bar was held complete.

The rule that the cause of action accrued when the liability attached is the rule which must govern in all cases, and the liability here attached when the use and occupation had been had, and not before. Certainly, there was no bar for the use and occupation had within one or two years, or three or four years, next preceding the commencement of the action. The cause of action having accrued, the plaintiff has, under the statute, the full period of four years after such accrual had taken place. Assuredly, the plaintiff had not four years during which to bring an action, for a cause of action which had accrued less than four years before action brought. Hence, it follows that the bar of the statute is complete for such use and occupation as was had prior to the four years preceding the commencement of the action, but is not a bar to that occurring within the above-mentioned period of four years. As the demurrer was taken to the whole cause of action, and some part of it is not barred, for that part the complaint does not state facts sufficient to constitute a cause of action. It follows, from the foregoing, that the court ruled correctly in overruling it. (Gould Pl., c. 4, § 49; *Young* v. *Pearson*, 1 Cal. 448; *Stoddard* v. *Treadwell*, 26 Cal. 294.) It further follows that the court properly refused the instruction designated as second in the transcript, and that it committed no error in refusing the third request. This latter request was based on the assumption that the action was commenced on the ninth of September, 1876, whereas it was brought on the seventh of that month.

As to the questions arising on the offers of defendants in connection with the receipt dated twenty-fifth of March, 1876, signed " B. S. Brooks, attorney for plaintiff," with the words " Littlefield against Nichol et al." at the head of it, we think it

sufficient to say that the matters proposed to be offered were all *res inter alios acta* as to plaintiff Clark. There was no proof or offer to prove, admitting that the matters proposed to be given in evidence were otherwise admissible, that Tewksbury had any authority to bind Clark, or ever pretended to act for him. When objections were made on the ground that evidence was inadmissible as against Clark, the counsel for defendants never offered to show that Clark was so far represented in the transactions embraced in this offer as that they would bind him. No offer was made to show that Clark had any connection with the matters embodied in such offer, or that any one was authorized to act for him in such matters. We certainly cannot find cause for reversal in this. The transactions embraced in the offer took place in March, 1876, and there is no evidence whatever to show that in March, 1876, Clark was not the owner of the demand sued on, or that at that time it had passed to Tewksbury by assignment from plaintiff. The evidence relative to this assignment is very loose—too loose to base a ruling on. The date of the assignment spoken of is not given, and it was not produced, though a witness was in court, called by defendants, who stated that she thought she could produce it. Under these circumstances we hold, for the reasons above given, that the court committed no error for which there should be a reversal.