O. J. M. BORDEN, *et al.*, v. SARAH A. NOBLE.

1. ORDER IN GARNISHMENT, *When no Defense.* Where M. is indebted to N., and in an action by B. against A. is summoned before a justice of the peace in a garnishement proceeding, as being indebted to A., and after his examination the justice orders the payment of the amount owing by the garnishee into court, such order will not protect M. against a subsequent recovery on the part of N.

2. CONTRACT, *Construed; Parties; Recovery.* Where M., N. and B., after such order is made by the justice, contract with each other to deposit the money in controversy with one C., to be retained by him until the rights of the claimants are determined, and the money is so deposited and C. accepts the trust, *held,* in an action by N. against B. and C. to determine the owner of the deposit and to recover the same, M. is not a necessary party. *Held, further,* If N. establishes the fact that the money so deposited is hers, and was owing to her from M. instead of being due to A., under the agreement she is entitled to recover it.

*Error from Harvey District Court.*

AT the March Term, 1880, of the district court, *Noble,* as plaintiff, recovered a judgment against the defendants, who bring the case here. The facts appear in the two opinions herein.

*Bowman & Bucher,* for plaintiffs in error.
*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error (plaintiff below)
commenced her action against the plaintiffs in error (defend-
ants below), and alleged in her petition substantially as fol-
lows: That on September 12, 1876, she loaned through her
agent, one A. B. Noble, to one Enoch Fry, $165, with inter-
est at twelve per cent., payable annually; that on October 1,
1876, one M. A. Myers became indebted to the said Fry in a
large amount, and by an arrangement between her, Fry and
Myers, the latter assumed and agreed to pay her the said $165
and interest, on account of Fry, when the same became due,
which agreement she accepted, and thereupon discharged Fry
from all liability. Afterward, O. J. M. Borden, one of the
plaintiffs in error, commenced an action against A. B. Noble
before a justice of the peace of Harvey county, and caused
said Myers to be summoned as a garnishee, alleging that
Myers was indebted to A. B. Noble. The justice before
whom the garnishee proceeding was pending, ordered Myers
to pay the money into court on the 15th day of September,
1877, as the property of said A. B. Noble. On October 27,
1877, Sarah A. Noble, A. B. Noble and M. A. Myers en-
tered into an agreement with C. S. Bowman, whereby $165
was placed in the hands of C. S. Bowman by M. A. Myers,
to be retained by him until the rights of the various parties
thereto should be determined by subsequent litigation, and
by him to be paid to the person to whom the court should
direct. Plaintiff further alleged that she was deprived of the
use of her money by the wrongful acts of Borden, and de-
manded judgment against him for her costs, and a decree de-
claring the money the property of herself, with an order that
the defendant C. S. Bowman deliver the money to her with
interest at twelve per cent. thereon. Each of the defendants
filed his separate demurrer to the petition, separately stating

as grounds thereof, first, that there was a defect of parties defendant; second, that the petition did not state facts sufficient to constitute a cause of action against either of said defendants. The court overruled the demurrers, and each of the defendants filed his separate answer. Upon the trial, defendants objected to the introduction of any evidence, because the petition did not state facts sufficient to constitute a cause of action. The objection was overruled, and a verdict rendered in favor of plaintiff for $150. Judgment was entered thereon.

We think the demurrers were properly overruled. As Sarah A. Noble and O. J. M. Borden consented that the $165 due from Myers, and claimed by both, might be deposited with C. S. Bowman, and that they would accept him and his bond for the indebtedness, such contract released and discharged Myers from all liability to either, upon his compliance therewith. After such contract, and the deposit of the money with Bowman by Myers, in accordance with its terms, the latter was no longer interested in said money, or the contention of Mrs. Noble and Borden over it. It was immaterial to him whether Mrs. Noble recovered, or whether Borden was successful in his claim. The contract and the deposit of the money relieved Myers of all responsibility, and he was not a necessary party in the action to determine whether it should go to the one or the other. As all the parties to the contract treated the money deposited with Bowman in lieu of the sum loaned to Fry, and as the court below treated it in lieu of the money which Myers had assumed to pay for Fry, we may treat it in the same light. Indeed we ought to do so, in justice to all the parties. The petition distinctly alleges the money as being the property of the defendant in error. The whole controversy was, whether the money, considered by the contract as the identical money originally loaned to Fry, belonged to Mrs. Noble, or to some one else. In this view the petition was sufficient in its statement of facts. Of course, had the contract between the parties for the deposit of the money not been entered into, we do not intimate that

Sarah A. Noble would have any cause of action against either Borden or Bowman. The order against Myers by the justice of the peace in the garnishment proceedings would not have protected him from the independent action of Sarah A. Noble.

The judgment of the district court will be affirmed.

All the Justices concurring.

### MOTION FOR REHEARING.

SEPTEMBER 22, 1881, the plaintiffs in error filed a motion for a rehearing of the above case, which motion the court heard at its session in November, 1881, and at its session on January 5, 1882, filed herein the opinion, *infra*.

The opinion of the court was delivered by

HORTON, C. J.: In the preparation of the original opinion filed in this case, we mistook portions of the record. A reëxamination of it discloses that the action was dismissed as to Bowman after the plaintiff had closed her evidence-in-chief, and that Borden was not a party to the contract under which the money was placed in the hands of Bowman to be retained until the rights of the various parties thereto had been determined. This materially changes the relations of Borden to the action, and materially affects his rights therein. We assumed in the opinion that "all the parties to the contract treated the money deposited with Bowman as a fund in lieu of the sum loaned to Fry." This is incorrect as to Borden; and the law as declared in the former opinion, that "had the contract between the parties for the deposit of the money not been entered into, we do not intimate that Sarah A. Noble would have any cause of action against either Borden or Bowman," is specially applicable to Borden. He was not a party to any of the arrangements whereby Myers was to be released from the payment of the money into court under the garnishment proceeding, nor did he enter into any agreement or contract whereby the money deposited with Bowman was to be deemed a fund in lieu of the sum ordered

by the justice to be paid by Myers. There was no allegation in the petition that Borden colluded with Myers in regard to his answer; and as Borden had nothing to do with the making of the contract between the Nobles, Myers and Bowman, the petition did not state facts sufficient to constitute a cause of action against him, and the defects in the petition were not cured by the answer of Borden. Under the allegations of the pleadings, Borden was entitled to judgment; and therefore the admission of evidence under the petition, the instructions of the court, and the rendition of the judgment against him, were all erroneous. The parties to the contract had no right to compel Borden to treat the money deposited as a fund in order to draw him into litigation over it, as he had no interest whatever in that particular money. The money which Borden claimed was a debt, and the fund in the hands of Bowman is not the same property or the money to which Borden asserts claim. We declared in the former opinion of this case, that the order requiring Myers to pay the money into court as the property of A. B. Noble, would not protect him against a recovery on the part of Mrs. Sarah A. Noble. As Myers had assumed the indebtedness of Fry to her, and agreed to pay her $165, and as she accepted such agreement and discharged Fry from all liability, any answer of Myers before the justice could not affect the rights of Mrs. Noble, nor could any order of the justice in such a proceeding deprive her of her claim against Myers.

We are obliged to counsel for calling our attention to our misconstruction of the purport of the record ; and while the law of the case is sufficiently declared in subdivision 1 of the syllabus, the fact that Borden had nothing to do with the making of the contract of the Nobles, Myers and Bowman, and never assented to it in any way whatever, requires the judgment of the court below to be reversed, instead of being affirmed. The order, therefore, will be that the judgment be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.