## LOUIS NOBLE v. C. S. BOWMAN, *et al.*

GARNISHMENT; *Obligation; Sureties, When Liable.* M. owed $165 either to A. or to N., and O., in an action against A., claiming that the debt was due to A., garnished M., and the court ordered M. to pay the money into court. N., however, claimed the money as the creditor of M., and M., not knowing to whom he was liable, and wishing to leave the state, entered into an agreement with A. and N., and B. and others, that he should pay the money to B., and that B. should retain the same until the question should be finally decided by a judicial determination whether the money belonged to N., or to A., or to O., and that after such determination B. should pay the money to whom it belonged; and the money was in fact paid to B., and he as principal, and others as sureties, executed to M. and A. and N. an obligation to secure the faithful fulfillment of the agreement; and nothing has transpired since to render B. and his sureties liable to an action on the obligation: *Held,* In an action by N. against the obligors on their obligation, that they are not liable; or, in other words, that the obligors are not liable to N. until it is at least settled that the garnishee is not liable in the garnishment proceedings.

*Error from Harvey District Court.*

THIS was an action brought in the district court of Harvey county, on August 26, 1881, by *Sarah A. Noble* against *C. S.*

*Bowman,* James H. Anderson, William H. Bean and B. C. Arnold, upon the following instrument in writing, to wit:

"STATE OF KANSAS, HARVEY COUNTY, ss.: Know all men by these presents, that we, the undersigned, are held and firmly bound unto A. B. Noble, Sarah A. Noble and M. A. Myers in the sum of two hundred dollars. The condition of this obligation is, that whereas in the case of O. J. M. Borden *v.* A. B. Noble, on the docket now in the possession of T. C. Cutler, J. P., of Newton township, in said county and state, the said M. A. Myers was garnished, and ordered by said justice court to pay into said court on or before September 15, 1879, the sum of one hundred and sixty-five dollars; and whereas the said Sarah A. Noble claims to be the owner of said money, and intends to institute proceedings for a final judicial determination of her claim; and whereas the said M. A. Myers has delivered to C. S. Bowman said sum of $165, to be by him held until such final adjudication is had, and until September 15, 1879, and then pay the same over to the person or authority adjudged to be entitled thereto; and whereas the said C. S. Bowman agrees to pay to Sarah A. Noble annually 12 per cent. interest thereon: now, therefore, if all these things herein required of the said C. S. Bowman are fully done and performed, then the above obligation to be void, otherwise it shall remain in full force and effect.

"Executed in duplicate this 27th day of October, 1877.

C. S. BOWMAN.   JAS. H. ANDERSON.<br>WM. H. BEAN.   B. C. ARNOLD."

The plaintiff, after giving a copy of the foregoing instrument in writing in her petition, alleged, among other things, that she had instituted legal proceedings in the district court of Harvey county for the purpose of having the question of the ownership of the aforesaid money determined as between herself and the said O. J. M. Borden, and that in such proceedings it had finally been determined that the money belonged to her and that she was entitled to the same; and that afterward she demanded the same of the defendants, but that they refused to pay it to her or any part thereof. The defendants answered, admitting the execution of the foregoing instrument and the prosecution of the aforesaid legal proceedings between the plaintiff and Borden, but setting up in sub-

stance that while the question of the ownership of said money had, in said legal proceedings and in the district court, been determined in favor of the plaintiff, yet that the judgment and decision of the district court had been reversed in the supreme court, and that it was held and decided by the supreme court that the question whether the plaintiff was entitled to said money, or not, could not be determined in that action, and that since the decision of the supreme court the defendants had paid over the money in controversy to Borden.   Before the trial of the present action, the subject-matter of the controversy was assigned by Sarah A. Noble to Louis Noble, and he became the plaintiff in the action.   Afterward, the case was tried by the court without a jury, and the court made a general finding in favor of the defendants and against the plaintiff, and rendered judgment accordingly.   To reverse this judgment, the plaintiff brings the case to this court.

*Greene & Shaver*, for plaintiff in error.

*Bowman & Bucher*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The motion of the defendants in error to dismiss this petition in error must be overruled, and the judgment of the court below must be affirmed.   We shall not discuss the motion, however, but will pass at once to the merits of the case.

It appears that M. A. Myers owed $165 either to A. B. Noble or to Sarah A. Noble, and to which he owed this sum is the main question involved in this case.   The question arises as follows:   O. J. M. Borden commenced an action against A. B. Noble before a justice of the peace of Harvey county, and garnished Myers as the debtor of A. B. Noble; and Myers answered, and was ordered by the justice of the peace to pay the aforesaid $165 into the justice's court as a debt due from Myers to A. B. Noble.   Mrs. Noble, however, claims this money; and Myers, not knowing to whom it belonged, or to whom he should pay it, or to whom he was bound, and

2—35 KAS.

wishing to leave the state, entered into an agreement with the Nobles and the defendants in this action that he should pay it to C. S. Bowman, and that Bowman should retain it until the question should be finally decided by a judicial determination whether the money belonged to Mrs. Noble, or to A. B. Noble, or to O. J. M. Borden, the plaintiff in the garnishment proceedings. The money was in fact paid to Bowman, and he, as principal, and James H. Anderson, William H. Bean and B. C. Arnold as sureties, executed to Myers and the Nobles the obligation sued on in this action, to insure the faithful fulfillment of the foregoing agreement. Borden was not a party to this agreement or to the obligation aforesaid, nor did he agree to release Myers as garnishee, or to look to the fund in Bowman's hands as security for his claim against A. B. Noble; and of course unless Borden's claim against A. B. Noble has been satisfied, or Myers in some way released by Borden, Myers is still liable to Borden as garnishee, if he ever was so liable; and nothing has been shown in this case that would in any manner have the slightest tendency to release Myers. It is true, the defendants offered to prove that Bowman paid the money into the justice's court for Borden, but the plaintiff objected, and the evidence was excluded by the court. It is also true that the plaintiff commenced an action in the district court of Harvey county against Borden and others, to have the question determined as to whom the fund in Bowman's hand belonged or should be paid, and the district court decided that it belonged to Mrs. Noble; but it is also admitted that that case was brought to the supreme court, and that the judgment of the district court was reversed. (*Borden v. Noble*, 26 Kas. 599.) And what has become of that case since it was decided in the supreme court, we are not informed, and no party now makes any claim under it. And there is no claim now that any final adjudication with regard to the money in Bowman's hands or with regard to the liability of Myers to Borden, or to A. B. Noble, or to Mrs. Noble, for that amount, has ever been had. Therefore, so far as anything is shown in this case, Bowman

still has the possession of the aforesaid money; Myers is still liable to Borden as garnishee for that amount, if he ever was so liable; and the status of the parties and their relations toward each other still remain precisely the same as they were on the 27th day of October, 1877, when the obligation sued on in this action was first executed, and on the day when the fund now in litigation was first paid by Myers to Bowman. We therefore think it follows that the rights and interersts of the parties still remain the same as they were on the first day the obligation sued on in this action was executed by the present defendants, as obligors, to Myers and A. B. Noble and Mrs. Noble, as obligees, to secure the payment of the fund deposited by Myers with Bowman, to the person to whom it might finally be decided to belong; and Myers certainly has as much right to claim that the fund shall be applied in such a manner as best to protect his rights and interests as either A. B. Noble or Mrs. Noble has to claim that the money shall be paid to him or her. And so long as Myers is liable to Borden as garnishee, and presumably he is still liable, this fund which he placed in Bowman's hands should not be paid to either A. B. Noble or Mrs. Noble until it shall be finally settled or determined in some manner that Myers is no longer bound to pay the same to Borden or to pay the same into the justice's court for the benefit of Borden. Such a settlement or determination has never yet been had. Indeed, as before stated, nothing has transpired since the execution of the obligation and since the payment of the money by Myers to Bowman that would render the present defendants, the obligors mentioned in the bond sued on in this action, liable; and if they are now liable for any reason, then they were liable for the same reason at the very first instant when they executed the bond. Now it cannot be true that they intended to execute a bond which would render them liable to be sued just as soon as it was executed. It can scarcely be supposed that they intended by signing the bond to give Mrs. Noble an immediate cause of action against them upon the bond for the $165; but if

they are now liable upon the facts of this case, then they must have been liable as soon as they executed the bond, which cannot be the case. Before the defendants can be held liable on the bond, it must be determined in some manner conclusively as against Borden and in favor of Myers, that Myers has never been liable in the garnishment proceedings of Borden, or that he has been released therefrom. Such a determination or release, judicial or otherwise, has never been had. And the decision in this present action could not amount to such a determination or release, in whosesoever favor it might be rendered, for in order that the decision in this present action should be such a determination or release, all the obligees of the bond, as well as Borden, should be parties to the action. None of them can be bound by the decision or the judgment rendered in this action unless they have been made parties thereto, which has not been done. Neither Myers, nor A. B. Noble, nor Borden, has been made a party to this action. So far as is shown in this case, if Bowman should be required to pay the amount in controversy to Mrs. Noble, or to her assignee, Louis Noble, the present plaintiff in this action, the defendants might again be required to pay the amount to one of the other obligees of the bond. They might, indeed, have to pay it to Myers, if Myers should finally be held to be liable in the garnishment proceedings. We shall assume that Borden could not maintain an action on the bond for the recovery of the fund in Bowman's hands, for he was not a party to the bond, and had nothing to do with it; but still Borden may maintain an action against Myers as garnishee for the amount, and then Myers, as one of the obligees of the bond, might maintain an action against the defendants for the same. In our opinion, so long as Myers is liable as garnishee to Borden, no cause of action can accrue in favor of either A. B. Noble or Mrs. Noble, or her assignee, Louis Noble, for the fund mentioned in the bond.

We think the judgment of the court below is correct, and it will be affirmed.

All the Justices concurring.