## Field *vs* Wilson, &c.

ERROR TO THE BULLITT CIRCUIT.

*Fraud.   Limitation.*

CHANCERY.

*Case* 102.

JUDGE MARSHALL delivered the opinion of the Court.

*June 12.*

The case stated.

E. K. WILSON having purchased Caleb as a slave under an execution in favor of Murphey and against T. Q. Wilson and others, representatives of J. and C. Quertemus, the two Wilsons afterwards sold Caleb to Field by written bill of sale with warranty of title. Some years afterterwards, Caleb in a suit against Field and the Wilsons, established his freedom under the will of E. Quertemus, and Field then filed his bill to recover from Murphey or from the Wilsons and Murphey the purchase money, paid for Caleb with interest. The bill alledges the non-residence of E. K. Wilson, and the insolvency of T. Q. Wilson, and also that the judgment of Murphey was fraudulently obtained, upon a fictitious claim set up for the purpose of depriving Caleb of his freedom, and by a bill of revivor against the heirs of T. Q. Wilson it is alledged that he co-operated in this fraud. Murphey relies upon the statute of limitations, and also denies the fraud and alledges the indebtedness of T. Q. Wilson, to him, in an amount equal to the purchase money paid by Field for Caleb.

Conceding that the alledged fraud in Murphey's judgment is established, and that by reason of this fraud and of his reception of the purchase money, raised by the sale of Caleb under execution, he was responsible to the purchaser, E. K. Wilson, who is not alledged to have participated in the fraud, 'still as the right of action for enforcing this responsibility did not pass from Wilson to his vendee, Field, he can only enforce that responsibility to the extent and on the same ground that Wilson himself could, and his only ground for enforcing it in equity is, that by the non-residence of Wilson, his legal remedy upon the warranty in the bill of sale is prevented. The

case stands solely upon the statutes authorizing a credit-or to subject the choses in action of his non-resident debtor to his demand. And although on this ground the claim against Murphey may be asserted in equity, yet as it is in itself purely a legal demand, we apprehend that the application of the statute of limitations is to be determined according the principles which prevail in a Court of law. Even in cases of concurrent jurisdiction it has been decided that equity will in this respect follow the law, (*Steeles executors* vs *Moxly*, 9 *Dana*, 137,) and this seems to be still more proper when the Court by reason of some extrensic circumstance, is called on to enforce a legal demand, and thus in effect comes into the place of a Court of law.

*If legal rights are pursued in equity, the legal operation of the statute must prevail.*

If legal rights are pursued in equity, the legal operation of the statute must prevail. And the rule at law is well settled, that the statute begins to run so soon as the cause of action accrues. This rule has been repeatedly applied to actions brought upon the implied covenant of title or right to sell, arising on the sale of a chattel, and the action has been defeated, though brought within five years after eviction or loss of the chattel by suit, without reference to the time when the defect of title may have been discovered. These cases would decide the one before us, if it were founded on any implied contract arising out of Murphey's relation to the execution and the sale under it; and they bear a strong analogy to the action for fraud in selling a chattel without title. But there are other cases more directly to the point.

*The right of action for a fraud in the sale of a slave, accrues upon the sale, and the statute of limitation then commences to run.*

In the case of *Singleton* vs *Lewis*, (*Hardin*, 258,) which was an action for fraud in selling an unsound slave, the Court decided that the fraud was the gist of the action, that the cause of action accrued on the sale, and that the Circuit Court erred in instructing the jury, that the statute of limitáton did not begin to run until the death of the negro. The necessary implication is that it began to run from the date of the sale. And in *Pile* vs *Beckwith*, (1 *J. J. Marshall*, 445,) which was an action for fraud in the sale of land of which the vendee was afterwards evicted, it was expressly decided that the cause of action accrued on the sale, and the statute com-

menced running from the time the fraud was commit-
ted.

The present suit though brought immediately after
Field's loss of Caleb, by the establishment of his free-
dom, was not commenced until fourteen years after his
purchase from the Wilsons, and a still longer period af-
ter the sale under Murphey's execution.   And it does not
appear that either the present complainant or the Wil-
sons, or either of them, remained ignorant of the alledged
fraud, until within five years before this bill was filed.   It
would seem, therefore, that the case does not come prop-
erly within the equitable rule, which would save the rem-
edy for five years after the discovery of the injury.   If, as
alledged, T. Q. Wilson participated in the fraud of Mur-
phey, then there is no pretext for asserting a responsibility
of one of these parties to the other for the same fraud;
and if it be assumed that they combined to defraud Ca-
leb of his freedom, that they thereby became jointly liable,
and that the enforcement of this liability is a matter of
concurrent jurisdiction, still the cause of action accrued
to E. K. Wilson, if he was an innocent purchaser, as soon
as the sale to him was complete; or if he was participant
in the fraud, the cause of action accrued to Field when
he made his purchase, and according to the case of
*Steele's executors* vs *Moxly supra*, the statute then began
to run against it.   And if its application could be avoid-
ed or postponed, on the ground of ignorance of the fraud,
such ignorance is not even alledged to have continued un-
til within five years prior to the commencement of this
suit.

In every view of the case, therefore, we are of opinion
that whatever may have been the original liability of
Murphey, or of all, or any of the defendants, on the ground
of the alledged fraud, that liability is not enforcible
against the plea of the statute of limitations, but the com-
plainant must seek his remedy upon the warranty con-
tained in the bill of sale.

Wherefore the decree dismissing the bill is affirmed.

*Riley* for plaintiff; *Grigsby* for defendants.

*Margin note:* If the proceeding be by bill in equity, for a fraud, in cases where it is allowable, more than five years after the contract in which it was perpetrated, it must be distinctly alledged that it was not discovered until within 5 years next before suit brought.