By the Court,
Monell, J.
There was no finding by the referee upon the issue of the statute of limitations. His general findings, however, against the defendant upon all the issues, by implication, disposes of that question. If the facts are as found by the referee in his first and third findings, he decided correctly in overruling the statutory bar.
*663 The action is to recover the “ reasonable worth ” of a quantity of brown stone furnished to the defendant. Eo special agreement is set forth, containing any terms of a contract between the parties. Ho written or express contract was proved, on the trial. The evidence was, that a quantity of stone was furnished and put into the defendant’s houses. A bill was afterwards rendered Containing the prices. One of the plaintiffs was examined as a'witness, but he nowhere speaks of any express agreement between the parties. He says the defendant wanted them, (the plaintiffs) to transfer to Mr. Codling the agreement to furnish the rest of the stone, which the plaintiffs consented to. That is all he says about any agreement. As to what the agreement was, the witness is entirely silent.
McAuley, with whom the referee finds the contract was made, was also examined as a witness. He says nothing of any agreement. He says there was an estimate of the stone furnished, but nothing more. In that, I am unable to find any evidence whatever of any express agreement between the parties. Hone is alleged in the complaint, and none was proven on the trial. The action was upon a quantum meruit, and the evidence was only sufficient to imply an assumpsit.
I think, therefore, the first finding of the referee is wholly unsupported by evidence.
There being no proof of any other than an implied contract, any evidence there may have been in support of the third finding must have had reference to such implied contract.
The referee, therefore, was not warranted in finding that it was agreed, “ that what remained unperformed of such contract should be performed by one Codling, and the plaintiffs were discharged from any duty further to perform the same.” There was no proof of what the contract was ; and the referee could not find that it was or was not performed in whole or in part. Eo stone appears to have been delivered after December 12, 1856 ; and the agreement with Codling to complete some kind of a contract, was after January 12, 1857, *664 and McAuley testified that all the stone in front was furnished and set at one time.
As the case is presented on this appeal, it is simply to recover the reasonable worth of a quantity of stone. It was not furnished under, or in pursuance of, any express agreement; but was furnished at one time, and prior to December 12, 1857. Upon such facts, the law makes a contract by implication, and a right of action arose to the plaintiffs, immediately on the delivery of the stone. The statute, therefore, began to run from the time the cause of action arose, which in this case was on or prior to December 12, 1857. This was not a running or mutual account, but was a delivery at one time, under an implied agreement to pay the reasonable value. (Hallock v. Losee, 1 Sandf. 220. Peck v. N. Y. and Liv. S. S. Co., 5 Bosw. 226. Davis v. Gorton, 16 N. Y: Rep. 255.)
The letter written by the defendant to Wright, the plaintiffs’ attorney, contains no acknowledgment of any indebtedness to the plaintiffs. It clearly was not an acknowledgment of a new or continuing contract, as is required by section 110 of the Code. Such acknowledgment must contain an unqualified admission of the debt, and a willingness to pay it. (Story on Cont. § 707.) It must be such as that an action could be sustained upon it, though the original contract was the cause of action. (Winchell v. Hicks, 18 N. Y. Rep. 558.)
I have not examined the other exceptions taken by the defendant. It is sufficient that upon the facts before the referee, he erred in overruling the defense of the statute of limitations.
There can be no doubt, I think, that the frequent and uniform decisions of the referee, during the trial, as to the effect of the plaintiffs’ evidence, misled the defendant, greatly to his' prejudice; but we can not, on that account, give any relief on this appeal. He should have moved at special term to set aside the report on the ground of surprise.
I am of opinion the judgment should be set aside, and the order of reference vacated, and a new trial ordered, with costs of the appellant on this appeal to abide the event.