CATHARINE COOK,

*v.*

ISAAC VAN ETTEN.

In September, 1852, the plaintiff placed in the hands of the defendant, the sum of $700, to be loaned out and kept at interest for and on behalf of the plaintiff, and in such manner as the defendant should deem most secure, and so the plaintiff should receive the interest thereon annually. In November, 1852, defendant loaned to one Babcock, the sum of $200 of plaintiff's money, and mingled the balance with his own, and loaned it as his own, and for his own use and benefit, intending to become personally responsible to the plaintiff therefor. The plaintiff did not authorize the defendant to invest said money, except in her name, and for her use and benefit, and did not know that it had been otherwise invested, until within six years before the commencement of this action. The defendant in June, 1857, paid plaintiff $580 as interest due up to that date, and plaintiff received the sum loaned Babcock with the interest due thereon. This suit was brought to recover the balance in defendant's hands, he having refused to account therefor or pay over. One defense is the statute of limitations. *Held:* That the appropriation of money by the

defendant. to his own use, was a conversion entitling the plaintiff to sue for and recover it, at once, without a demand, and the right of action being then perfect, the statute of limitations commenced to run against a suit on the contract. That the courts have no dispensing power in favor of parties who do not discover the breach of a contract until the remedy for such breach is barred by the statute. That while the defendant may not have *intended* to perpetrate a fraud upon the plaintiff, yet the appropriation and use of her money, without her knowledge, is a fraud in law. That this may be held an action for relief, on the ground of fraud, in which case the statute does not commence to run until the fraud is discovered.

This action was commenced in the District Court for Ramsey County, and was tried by a referee, who reported in favor of the plaintiff. Judgment was entered upon the report, and the defendant appeals to this Court. The nature of the action and the findings of the referee, are fully stated in the opinion of the Court.

Brisbin & Warner for Appellant.

1. Plaintiff could have brought suit so soon as defendant mingled her money or loaned it out in his own name, (7 *Minn.*, 477,) and more than six years have passed since that time.

2. After the conversion defendant was liable only for seven per cent. interest, and the payments made and judgment turned over far more than repaid what was legally due, and the plaintiff is here not only seeking to enforce a stale demand but a very unjust one.

3. The conclusions of the referee are inconsistent with the cause of action set up in the complaint.

I. V. D. Heard, for Respondent.

A trustee cannot plead the statute of limitations. *Stafford vs. Richardson*, 15 *Wendell*, 302.

The statute could not run against the respondent until after the discovery of the fraud. *Pub. Stats. Minn., p. 451, sub. 6, sec.* 5.

If any deduction ought to be made on the face of this report, the *respondent* desires a new trial.

*By the Court.*—WILSON, CH. J. This case commenced in the District Court of Ramsey County, was tried by a referee, who found and reported, "That on the 24th day of September, 1852, at Goshen, in the State of New York, the place of residence of the plaintiff, the plaintiff placed in the hands of the defendant, a resident of St. Paul, in this State, the sum of seven hundred dollars, which money the defendant was to loan out and keep at interest in the State of Minnesota, for and on behalf of the plaintiff, and as her agent in this behalf, in such manner as the defendant would deem most secure, so that the plaintiff should get the interest thereon annually. * * That on the 13th of November, 1852, the defendant as such agent, loaned to one Joseph W. Babcock, the sum of two hundred dollars for the plaintiff, under the aforesaid arrangement," which the plaintiff afterwards collected. "That the defendant put the plaintiff's money and his own, and that of other parties for whom he was loaning money, into a common fund, and with the exception of said loan to Babcock, did not loan the plaintiff's said money separately for her or in her own name, but loaned the same as his own money, and for his own use and benefit, intending to become personally responsible to the plaintiff. * * That the plaintiff never authorized the defendant to invest said money, except in her own name, and for her own benefit and account, * * and did not know that her said money had been so used or invested by the defendant, until after the commencement of this action." The referee also found, "that the defendant's com-

Cock v. Van Etten.

pensation for attending to said business was not agreed upon at the time said money was so placed in his hands, but it was subsequently agreed by both parties, that the defendant might retain for such compensation, all interest that might accrue thereon over twenty per cent. per annum. That the defendant paid to the plaintiff, under the said contract, the sums following, viz: April 20th, 1855, $300; March 11th, 1856, $140; June 16th, 1857, $140; which said sum, $580, was intended as payment in full of all interest that the plaintiff was entitled to receive on account of her said $700, pursuant to the aforesaid arrangement, up to June 16th, 1857, and that the defendant has paid to the plaintiff no other or further sum whatever."

As a conclusion of law the referee finds that "the plaintiff not having authorized the investment of her said funds by the defendant, on his own account for his benefit as aforesaid, and not knowing that the same had been invested otherwise than was provided in said contract, until within six years prior to the commencement of this action, her right to recover in this action is not barred by the statute of limitations." The question decisive of the case is whether the action is barred by the statute of limitations. The statute bearing on this point reads: "Actions can only be commenced within the period prescribed in this chapter, after the cause of action shall have accrued within six years: 1st. An action upon a contract or other obligation, express or implied. * * * 6th. An action for relief, on the ground of fraud; the cause of action in such case not to be deemed to have accrued, until the discovery by the aggrieved party of the facts constituting the fraud."

This action falls under one of these sub-divisions: if under the first I think it is barred by the statute. The evidence fully justifies the finding of the referee, "that the plaintiff never authorized the defendant to invest said money, except

in her own name and for her own benefit and account:" under such circumstances, the appropriation of the money to his own use, and loaning it in his own name, were a conversion, and entitled the plaintiff to sue for and recover it at once, without demand. *Farrand vs. Hurlbut*, 7 *Minn.* 479; and the right of action being then perfect, the statute commenced to run against a suit on the contract. *Hemp vs. Garland*, 4 *Ad. & Ellis, N. S.*, 519.

The statute is specific, that an action can only be commenced within six years after the cause of action shall have accrued. The courts have no dispensing power in favor of parties who do not discover their rights, until their remedy is gone. The exceptions to the general rule specified in the statute clearly show that none else were intended. *See Addison on Contracts* (2 *Am. Ed.*) 1207–8 *and cases cited in notes*. *Granger vs. George*, 5 *Barn. & Cress.*, 150; see also *Troup vs. Smith*, 20 *John.*, 33.

But I am inclined to the view that this case may be classed under the head of actions for relief, on the ground of fraud. The complaint states that the defendant received from the plaintiff in September, 1852, the sum of $700, upon the express agreement that he was to loan the same for the plaintiff, and in her name, and that he had only paid her $580 as interest; that he had loaned to Babcock $200, (which with the interest the plaintiff has collected,) "That defendant in 1865, refused to turn over to the plaintiff any other notes or securities, and claimed that he had no others, and admitted that he had mingled the balance of said funds with his own, (which the plaintiff charges to be the fact,) and that he did not know what had become of them, and could not and would not account for the same, all of which was in fraud of the plaintiff's just right, and none of which facts were known to the plaintiff, or discovered by her until the year 1865, and were

concealed by the defendant from her until said 1865, and until said 1865, said defendant represented to said plaintiff, and induced her to believe that all of said sums were loaned in her name." The plaintiff then, claims that there is due to her a certain sum for which she prays judgment.

The referee has specifically found that defendant, contrary to his authority and contract, and without the knowledge of plaintiff, mingled said money with his own, and loaned it in his own name, and for his own use and benefit. While the defendant may not thus have intended, and we suppose did not intend, to perpetrate a positive fraud upon the plaintiff, nevertheless it was, in the eye of the law, a fraud, being a secret and intentional violation of the private confidence reposed in him.

Judge Story says : "Fraud, indeed, in the sense of a court of equity, properly includes all acts, omissions and concealments, which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another." 1 *Story's Eq.*, sec. 187 ; *Gale vs. Gale*, 19 *Barb.*, 257. In *sec.* 307, 1 *Story's Eq.*, the author says : "The second head of constructive frauds, includes those which arise from some peculiar confidential or fiduciary relation between the parties. In this class of cases, there is often to be found some intermixture of deceit, imposition, overreaching, unconscionable advantage, or other mark of direct and positive fraud. But the principle, on which courts of equity act in regard thereto, stands, independent of any such ingredients, upon a motive of general public policy. * * These courts will, therefore, often interfere in such cases, where, but for such a peculiar relation, they would either abstain wholly from granting relief, or would grant it in a very modified and abstemious manner." See also *ib.*, *sec.* 322.

The facts alleged in the complaint, and found by the referee,

show that the defendant's acts in the premises were fraudulent, in the eye of the law. Why then should we deny the plaintiff the relief in this case to which she is clearly entitled? All the facts necessary to make a case for relief, on the ground of fraud, are alleged and found by the referee. The defendant can not be surprised by holding that the action belongs to this class, for the facts showing it such were in issue, and found against him. If there is any error in the complaint, in failing to specify clearly the class of actions to which this belongs, it is one of form merely, not affecting the substantial rights of the defendant, and must therefore at this stage of the proceedings be disregarded. *Gen. Stat.*, 464, sec. 107. The facts show the plaintiff entitled to relief, on the ground of the fraud alleged, and if they also show a cause of action for a breach of the contract, (barred by the lapse of time,) this does not bar her recovering on the former ground. Redundancy, indefiniteness, or uncertainty, may be taken advantage of, but not to set aside a judgment supported by the facts alleged and found by the verdict of the jury, or report of a referee.

It is suggested that this is a case of express trust, and therefore not within the statutes. I think the provisions of the compiled statutes, prescribing the time within which actions may be commenced, covers all cases, either at law or in equity; but if not, this is not such a trust, as would, according to the rules in equity, be excepted from the operation of the statutes. *Kane vs. Bloodgood,* 7 *J. C. R.*, 106. After the last payment of interest by the defendant, damages have only been allowed by the referee at the rate of seven per cent per annum; the defendant has therefore no cause of complaint on this ground. If there are any errors in the conclusions, or findings of the referee, they do not prejudice the defendant. Judgment affirmed.