BEECHER v. THE COUNTY OF CLAY ET AL.

1. **Statute of limitations**: RECOVERY OF TAXES. A cause of action accrues against a county for the recovery of illegal taxes paid at the time of their payment, and the statute of limitations runs against the claim from that time.

2. ——: ——: WANT OF KNOWLEDGE OF ILLEGALITY. The fact that the person paying such taxes is not aware of their illegality will not prevent the running of the statute against his claim.

*Appeal from Clay District Court.*

FRIDAY, OCTOBER 24.

THIS is an action for a writ of *mandamus* to compel the board of supervisors of Clay county to refund certain alleged illegal taxes which the plaintiff paid into the treasury of said county June 20, 1873, amounting to $310.05. The defendants plead the statute of limitations. The court found that there was no record evidence of a levy of the tax in question; that plaintiff had no actual knowledge that the tax was not regularly levied until 1877; that he made a demand upon the

board of supervisors at their June meeting, 1878, for an order refunding said tax, which the board refused to issue; that the action was commenced June 26, 1878, and that the board of supervisors had knowledge of the illegality of the tax in October, 1874. From these facts the court found that the tax in question is illegal, and that the plaintiff is entitled to have the same refunded to him, and that the statute of limitations does not commence to run against this action until the date of demand on June 8, 1878, the demand having been made within five years from the date of payment of said tax by the plaintiff.

The court adjudged that a peremptory writ of *mandamus* issue for the refunding of said tax. The defendants appeal.

*Ackley Hubbard* and *E. E. Snow*, for appellants.

*L. M. Pemberton*, for appellee.

Day, J.—The only question in the case is as to when the statute of limitations began to run. In *Callanan v. The County of Madison*, 45 Iowa, 561, it was held that a cause of action accrues against the county at the very moment of the payment of illegal taxes, and that from that time the statute of limitations runs. This action is brought to compel a performance of the duty prescribed in section 870 of the Code, which provides: "The board of supervisors shall direct the treasurer to refund to the tax payer any tax, or any portion of a tax found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon." It cannot be doubted that immediately upon the payment of the illegal tax, the plaintiff might have demanded of the board of supervisors an order for the refunding of it, and that if such demand had been made the statute of limitations would at that time have begun to run against an action for a writ of *mandamus*. The question now presented is, can the plaintiff, by neglecting to demand of the board an order for the refunding of the taxes, delay the running of the statute of limitations? This question was determined in *Prescott v. Gonser*, 34 Iowa, 175, in which it

*1. STATUTE OF limitations: recovery of taxes.*

Beecher v. The County of Clay.

is said : " That the action of *mandamus* cannot be maintained until there has been a refusal to perform the official duty sought to be enforced is true, but to hold that a plaintiff, who has a right to demand performance at any time, may delay such demand indefinitely, would enable him to defeat the object and purpose of the statute. It is certainly not the policy of the law to permit a party, against whom the statute runs, to defeat its operation by neglecting to do an act which devolves upon him, in order to perfect his remedy against another."

II. The plaintiff claims that he is entitled to relief under section 2530 of the Code, which provides that in actions for

2. —: —: want of knowledge of illegality.

relief on the ground of fraud or mistake the action shall not be deemed to have accrued until the fraud or mistake shall have been discovered. The court finds that the plaintiff had no actual knowledge that the ten-mill tax was not regularly levied until 1877. The action of plaintiff is not based upon his mistake as to the fact of a levy of this tax. The plaintiff's ignorance of the fact that there was no levy is a mere incident, and not the foundation of his cause of action. If he had known that there was no levy, he might still have paid the tax, believing that the tax was nevertheless valid, and, if he had done so, he would, under section 870 of the Code, have been entitled to an order refunding it. The *gravamen* of the plaintiff's complaint is not that he made a mistake as to the fact of levy of the taxes, but that he has paid illegal taxes which the board of supervisors refuse to order refunded. The case does not come under the provisions of section 2530 of the Code. The statute of limitations began to run when the payment of illegal taxes was made, June 20, 1873, and this action is, therefore, barred. See section 2529, subdivision 3. The judgment is

REVERSED.