### DEWEY v. LINS ET AL.

1. **Township Clerk:** STATUTE OF LIMITATIONS. Where the township clerk paid a road order drawn on him by the township trustees, but failed to have the same audited and allowed in his regular settlement with the trustees, the statute of limitations commenced to run thereon from the date of the first settlement, at which the claim should have been presented and paid.

*Appeal from Washington District Court.*

THURSDAY, DECEMBER 8.

ACTION of mandamus to compel the defendants, who are trustees of Washington township, to pay a claim held by the plaintiff against the township. Judgment was rendered for the defendants for costs. Plaintiff appeals.

*Dewey & Templin,* for appellant.

*H. & W. Schofield,* for appellees.

ROTHROCK, J.—The facts of the case are not in dispute, and are as follows:

The plaintiff was township clerk of Washington township, and on the 18th day of October, 1875, he paid a road supervisor's order from the proper funds in his hands for that purpose. In January, 1876, he had a settlement with the trustees, and by reason of said

warrant being misplaced and forgotten, he was not credited with the amount paid thereon. He had another settlement with the trustees in November, 1876, and the amount of said warrant was not included in that settlement for the same reason. In January, 1877, the plaintiff for the first time discovered said warrant, and the fact that the same had not been settled for by the trustees. In April, 1879, at a regular meeting of said trustees, plaintiff first presented said warrant and demanded payment of the same, which was refused. This action was commenced November 6, 1879. The defendants pleaded the statute of limitations. The amount in controversy being less than $100, the District Court has certified for our determination the following questions:

"A township clerk having duly paid an order drawn on him by the township trustees, and failing to receive credit for the same at his annual settlement by said order having been mislaid, and afterward duly presenting the same to the said trustees and asking provision for its payment, when does the statute of limitations commence to run in a suit of this character?"

The third subdivision of section 2529, of the Code, limits to three years, all actions against a sheriff or other public officer growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty.    *    *    *    *    When the order was paid by the plaintiff, he had a valid claim against the township, which it was the duty of the trustees to audit and pay. Reimbursement could have been enforced at any time after the order was paid. At the first settlement it was clearly the duty of the trustees to audit and allow the claim. Failing in this, they were then liable to an action for the "omission of an official duty." It was their duty in settling the affairs of the township to see that provision was made for the adjustment and payment of all valid claims, and not leave debts unprovided for, and not audited and allowed. We are clearly of the opin-

ion that the statute commenced to run from the date of the first settlement, at which time the claim should have been allowed and paid. To hold that the limitation commenced to run from the time that the demand was made would operate to indefinitely prolong the operation of the statute by failing to make the demand. That such is not a proper construction of the statutes see *Prescott v. Gonser*, 34 Iowa, 175. .

AFFIRMED.