HAMMOND & CHAMPLIN v. HALE ET AL.

1. **Statute of Limitations:** CURRENT ACCOUNT: FACTS NOT CONSTITUT-
    ING. Defendants, being indebted upon an open, current account to
    plaintiffs, sold out their business to M., who agreed to pay the debt. M.
    made one payment, and then died, and his administrator made an-
    other:—*held* that the account was closed by M's undertaking to discharge
    the debt, and that the payments made by him and his administrator
    were not items of the account, from the date of which the statute of
    limitations began to run, under section 2531 of the Code.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, APRIL 18.

ACTION upon an account for flour sold by plaintiffs' assign-
ors to defendants. The cause was tried without a jury and
judgment rendered for defendants. Plaintiffs appeal.

*Moore & Hammond*, for appellants.

*William McNett*, for appellees.

BECK, J.—I. The defendant, among other defenses, pleaded
the statute of limitations. The last item of the account is
of the date March 2, 1875. There are two credits upon the
account, one of $50 cash, paid April 30, 1875, and the other
$12 $\frac{06}{100}$ cash, paid June 11, 1877. The evidence establishes
the facts to be that, between the dates of the last item of ac-
count and the first credit, defendants, ceasing business, sold
their stock in trade to one Mitchell, who undertook to pay
the indebtedness incurred in their business, and that the first
credit is for a payment made by Mitchell, and the second for
a payment made after his death by his administrator, the ac-
count having been filed by plaintiffs as a claim against Mitch-
ell's estate. There is evidence tending to show that, after the
sale by defendants, they, Mitchell and plaintiffs, agreed that
plaintiffs were to look alone to Mitchell for payment.

Hammond & Champlin v. Hale.

II.  The circuit court, upon these facts, held that the payments should not be entered as a part of the account, so as to require it to be regarded as running and continuing to the date of the last credit.  The conclusion of the circuit court, in our opinion, is correct.  The payments were made in pursuance of a contract with Mitchell, and under this he became bound to pay plaintiffs, and was indebted to them.  The indebtedness did not rest upon the account, but upon the obligation to pay defendants' debt.  The payments were made in discharge of this indebtedness.  The account was closed when Mitchell assumed its payment.  The payments, while they operated to discharge defendants' debt *pro tanto*, were not credits thereon in the sense of the word when used in reference to current and other accounts.  Mitchell was not agent of defendants when he made the payments, but acted for himself in the payment of his own debt.  The same remark may be made of the administrator.

The transaction is simply this: defendants were indebted on the account to plaintiffs; they sold out and quit business, arranging to pay plaintiffs by means of Mitchell's undertaking to discharge their debt.  It is plain that the account was then closed, and that it did not afterwards exist as a "continuous, open, current account," as contemplated by Code, section 2531.  Mitchell's payments upon his own indebtedness operated as payments *pro tanto* upon the account against the defendants, which had ceased to be "continuous, open and current."  They are not items of the account from the date of which the statute of limitations begins to run, under Code, § 2531

AFFIRMED.