DANIEL DONOVAN v. ROMAN A. BISSELL ET AL.

*Division Fence—Entry.*

Tearing down the fence between one's self and one's next neighbor after asserting a right to premises enclosed by it is a mere trespass; and though perhaps a common-law entry it does not break his adverse possession of the premises enclosed, nor of itself disseize him.

Error to Wayne. (Jennison, J.) April 16.—April 23.

TRESPASS. Plaintiff brings error. Reversed

*John Ward* for appellant. It is when the disseizor yields and acknowledges the right of the owner that his possession ceases to be adverse: *Bower v. Earl* 18 Mich. 367; *Campau v. Lafferty* 43 Mich. 429.

*Meddaugh, Driggs & Harmon* for appellee. Adverse possession is broken by one act of entry: *Pederick v. Searle* 5 S. & R. 240; Angell on Limitations (6th ed.) 413.

COOLEY, C. J. Action of trespass for tearing down a fence which had been built by the plaintiff as the division fence between lands occupied by himself and an adjoining lot. The defense was that the fence was upon land belonging to the defendants, and that it was lawfully torn down by them in their own right.

The chief contention on the trial concerned the proper location and boundaries of the plaintiff's lands; the defendants claiming that an error had been committed by the plaintiff in locating his fences, whereby he had encroached fifty feet on lands belonging to Augustus E. Bissell, through whom the defendants claim. To show the error defendants put in evidence certain surveys which plaintiff claims were inconclusive for want of any identification of a proper starting point; and he asked of the court instructions to that effect. The criticism of the evidence seems to us to have much foundation; but as the judgment must be set aside on another ground, and any defects may possibly be supplied on another trial, we do not deem it important to consider the surveys particularly on this record.

The plaintiff claimed that if there was any original defect in his title, it had become complete as against Bissell and those claiming under him by adverse possession; and he made what seemed to be a very complete showing of open, notorious and peaceful possession of the land for more than twenty years before the trespass complained of, under claim of title. This branch of his case seems to have been made very complete, and it entitled him to a verdict unless the continuity of possession was broken by an occurrence of which the defendants gave evidence as having taken place in or about the year 1872.

At that time Mr. Bissell, according to the testimony, after having asserted his right to the land in dispute, in an interview with the plaintiff, went upon the land with assistance, and tore down a fence built by the plaintiff where the fence more recently torn down was afterwards constructed. How long the fence remained down is not shown; but it seems to have been some days, and may have been for a considerable

period. But it does not appear that Mr. Bissell took possession for a single day or hour except for the purposes of this act of destruction.

The circuit judge instructed the jury that if Bissell made to the plaintiff a claim of right to the premises, and went out to them and pulled down the fence in pursuance of this claim, such acts would break the continuity of the possession; that the possession must be continuous, and if thus broken, the plaintiff could claim nothing by adverse possession.

The judge was in error. The act proven by the defendants was a mere trespass upon the plaintiff's possession and worked no disseizin. It might, perhaps, have constituted a sufficient entry at the common law; but a mere entry is not sufficient in this State to stop the running of the statute of limitations, unless the party making it "shall have continued in open and peaceable possession of the premises for at least one year next after such entry, or unless an action shall be commenced upon such entry and seizin, within one year after he shall be ousted or dispossessed of the premises." How. Stat. § 8705. Mr. Bissell did not bring himself within the terms of this statute.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.