KING IRON BRIDGE & MANUF'G Co. *v.* COUNTY OF OTOE.

*(Circuit Court, D. Nebraska. June 4, 1886.)*

1. STATUTE OF LIMITATIONS—WHEN BEGINS TO RUN—NEBRASKA STATUTE—COUNTY WARRANTS.

The right of action upon county warrants accrues upon the refusal of the treasurer to pay them on presentation, and the statute of limitations of Nebraska begins to run from that time.[1]

2. SAME—ACTION, WHEN BARRED.

An ordinary action of debt cannot be maintained in this court to enforce the payment of county warrants, unless the suit is brought within five years from the time the cause of action accrues.

Debt on County Warrants. Demurrer to answer.

This suit is based upon two county warrants, properly drawn upon the treasury of the defendant, which were duly presented for payment, but were not paid for want of funds to meet the same. The one warrant was issued to Z. King or order, on the ninth October, 1878, for $1,605, and was presented to the treasurer for payment on the twenty-third day of October, 1878, and indorsed by the treasurer: "Presented, and not paid for want of funds." The other warrant was issued to the said King on the ninth January, 1879, for $1,605, and was presented for payment on the fifteenth January, 1879, and was by the county treasurer duly indorsed: "Presented, and not paid for want of funds." This suit was commenced on the tenth day of November, 1885. The defendant pleads the statute of limitations, and relies upon that defense alone. The plaintiff demurs to the answer.

N. S. *Harwood,* for plaintiff.

J. C. *Watson,* for defendant.

DUNDY, J. When a claim against a county has been audited, and warrants have been drawn on the treasury therefor, and such war-

[1]See note at end of case.

rants have been accepted by the creditor, he must present them to the treasury for payment before he can properly sue the county thereon. When presented to the treasurer for payment, and payment is refused, the right to sue becomes complete and absolute, and the lawful holder of the warrants can then proceed to have his claim reduced to judgment. There was nothing whatever in the way of Z. King, the payee, or the plaintiff, his assignee, suing on said warrants at any time after the fifteenth day of January, 1879. The cause of action had accrued on both the warrants at that time, and the statute of limitations commences to run as soon as the cause of action accrues. We have this provision in our statute of limitations, on which the defendant relies:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued: * * * Within five years, an action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment." See sections 9, 10, pt. 2, Code Civil Proc.

This suit was commenced nearly seven years after the cause of action accrued. It seems to me to come fully within the provisions of the section of the Code above quoted. The action was not brought in time. The statute of limitations is therefore well pleaded. It follows that the demurrer to the answer must be overruled.

The plaintiff may, at its option, take leave to reply, or dismiss this action without prejudice, in 10 days. So ordered.

BREWER, J., concurs.

NOTE.

Statutes of limitations are statutes of repose, Hurley v. Cox, (Neb.) 2 N. W. Rep. 705; Leison v. Kenyon, (Kan.) 1 Pac. Rep. 562; Taylor v. Miles, 5 Kan. 499; Elder v. Dyer, 26 Kan. 604, and are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he has the power to sue. Such reasonable time is therefore defined and allowed. But the basis of the presumption is gone whenever the ability to resort to the court has been taken away; for in such a case the creditor has not the time within which to bring his suit that the statute contemplated he should have. Greenwald v. Appell, 17 Fed. Rep. 140.

The object of the statute is to suppress fraudulent and stale claims, and prevent them from showing up at great distances of time, and surprising the parties or their representatives when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time, or the defective memory or death or removal of witnesses. Hurley v. Cox, (Neb.) 2 N. W. Rep. 705; Spring v. Gray. 5 Mason, 523.

Where a statute of limitations provided that in cases where the cause of action had already accrued at the passage of the act a party should have the whole period prescribed by the act, after its passage, in which to commence action, and by another act of the same legislative session it was provided that said statute and others should take effect at a day subsequent to the date of their actual passage and approval by the governor, it was held that the period of limitation did not begin to run until the statute took effect, as provided in the second act. Schneider v. Hussey, (Idaho,) 1 Pac. Rep. 343; Rogers v. Vass, 6 Iowa, 408.

1. AGENTS. As a general rule the statute of limitations does not commence to run in favor of an agent and against his principal until the principal has knowledge of some wrong committed by the agent inconsistent with the principal's rights. Perry v. Smith, (Kan.) 2 Pac. Rep. 784; Green v. Williams, 21 Kan. 64; Auld v. Butcher, 22 Kan. 400; Kane v. Cook, 8 Cal. 449; Ang. Lim. § 179 *et seq.;* 7 Wait, Act. & Def. 238.

But it has been held that where an agent is appointed to collect money and remit, after deducting his reasonable charges, and fails to do so after a reasonable time, the statute of limitations commences to run. Mast v. Easton, (Minn.) 22 N. W. Rep. 253. See Stacy v. Graham, 14 N. Y. 492; Lillie v. Hoyt, 5 Hill, 395; Hart's Appeal, 32 Conn.

520; Campbell's Adm'rs v. Boggs, 48 Pa. St. 524; Denton's Ex'rs v. Embury, 10 Ark. 228; Estes v. Stokes, 2 Rich. Law. 133; Mitchell v. McLemore, 9 Tex. 151; Hawkins v. Walker, 4 Yerg. 188.

The fact that the principal did not know when the claim was collected, and hence did not know that the agent had failed in the performance of his duty, and that a right of action had accrued, will not effect the running of the statute. Mast v. Easton, (Minn.) 22 N. W. Rep. 253; Cock v. Van Etten, 12 Minn. 522, (Gil. 431.)

2. BANKRUPTCY. The statute of limitations is no bar to proof in bankruptcy if it had not run against the claim at the commencement of the proceedings in bankruptcy, In re McKinney, 15 Fed. Rep. 912; and no lapse of time will prevent the proof of the claim before the register, up to the final distribution of dividends. If it is so barred by the statute before the adjudication, it will remain barred, and the claim cannot be proven. In re Graves, 9 Fed. Rep. 816.

3. BILLS, ETC. In a suit by the drawee of a bill of exchange against an indorser, where such bill was drawn by the treasurer of the United States, and the name of the payee forged, the statute of limitations does not begin to run until judgment has been obtained by the United States against the drawee. Merchants' Nat. Bank of Baltimore v. First Nat. Bank of Baltimore, 3 Fed. Rep. 66.

*a. Claims Payable on Demand.* Where no time is specified within which a loan of money is to be repaid, the presumption of the law is that it was to be paid on demand, and the statute of limitations commences to run from the time of the loan. Dorland v. Dorland, (Cal.) 5 Pac. Rep. 77; Ang. Lim. § 95.

On a due-bill without day of payment a cause of action accrues on delivery, and the statute begins to run. Douglass v. Sargent, (Kan.) 4 Pac. Rep. 861. See Palmer v. Palmer, 36 Mich. 487; Herrick v. Woolverton, 41 N. Y. 581; Wheeler v. Warner, 47 N. Y. 519; Stover v. Hamilton, 21 Grat. 273; Bowman v. McChesney, 22 Grat. 609.

In an action to recover from a bank a general deposit, the statute does not commence to run until a demand, unless the demand has been in some way dispensed with. Branch v. Dawson (Minn.) 23 N. W. Rep. 552.

And the same is true of an "especial deposit." Smiley v. Fry, (N. Y.) 3 N. E. Rep. 186.

4. BONDS. *a. Administrator's Bond.* The liability of a surety on an administrator's or executor's bond is not fixed, and no cause of action arises thereon until there is a judicial ascertainment of the default of the principal, and from this time the statute of limitations begins to run. Alexander v. Bryan, 4 Sup. Ct. Rep. 107.

This judicial ascertainment must be something more than the mere auditing of the accounts. There must be a decree ordering payment, on which process to collect can issue against the principal. Id.

*b. Appeal-Bonds.* The statute commences to run in favor of sureties on an undertaking on appeal from the date of the affirmance of the judgment to which it relates. Clark v. Smith, (Cal.) 6 Pac. Rep. 732; Crane v. Weymouth, 54 Cal. 480; Castro v. Clarke, 29 Cal. 11.

*c. Guardian's Bond.* The statute commences to run against suit on guardian's bond when the person ceases to be guardian. Probate Judge v. Stevenson (Mich.) 21 N. W. Rep. 348; and in case of a default, a right of action first accrues to the ward when amount of such default is ascertained by the court in the settlement of the guardian's final account, and from this time the statute runs. Ball v. La Clair (Neb.) 22 N. W. Rep. 118.

*d. Public Officer's Bond.* The statute does not commence to run in favor of sureties on the bond of a public officer until the liability of their principal has been fixed. Lawrence v. Doolan, (Cal.) 5 Pac. Rep. 484.

And it has been held that where an assessment of damages for a right of way is paid to a sheriff, the statute begins to run against an action on sheriff's bond to recover such assessment when the time fixed by law for appeal has expired. Lower v. Miller, (Iowa,) 23 N. W. Rep. 897.

5. BOOK-ACCOUNTS. On the settlement of a book-account it has been held that the statute of limitations begins to run from the time the account is settled, and not from the time of the discovery of facts showing that such settlement was fraudulently made. Kirby v. Lake Shore & M. S. R. Co., 14 Fed. Rep. 261.

On an open, mutual account the statute does not commence to run until the date of the last item charged. Hannon v. Engelmann, (Wis.) 5 N. W. Rep. 791.

Where an open account is closed by an agreement that certain parties shall assume payment, the statute runs from the date of such agreement. Hammond v. Hale, (Iowa,) 15 N. W. Rep. 585.

But where the items of an account are all charged against one party it is not a mutual account, Fitzpatrick v. Henry, (Wis.) 16 N. W. Rep. 606; Butler v. Kirby, 53 Wis. 188; S. C. 10 N. W. Rep. 373; Ang. Lim. §§ 148, 149; and each item will stand, as regards the

running of the statute, as though it stood alone. Courson's Ex'rs v. Courson, 19 Ohio St. 451. See Blair v. Drew, 6 N. H. 235; Smith v. Dawson, 10 B. Mon. 112; Craighead v. Bank, 7 Yerg. 399; Lowe v. Dowborn, 26 Tex. 507; Cottam v. Partridge, 4 Man. & G. 271; Williams v. Griffiths, 2 Cromp., M. & R. 45; Tanner v. Stuart, 6 Barn. & C. 603; Bell v. Morrison, 1 Pet. 351.

6. CONTRIBUTION. On an action for contribution by one of the sureties on a note against whom a judgment has been taken for the full amount, the statute begins to run from the date of the payment of such judgment. Preston v. Gould, (Iowa,) 19 N. W. Rep. 834. See Lamb v. Withrow, 31 Iowa, 161; Johnston v. Belden, 49 Iowa, 301.

7. CONVERSION. The statute commences to run against an action for conversion from the date of such conversion. Doyle v. Callaghan, (Cal.) 7 Pac. Rep. 418.

8. CORPORATION—MUNICIPAL. In an action against a municipal corporation for damages for an injury caused by defective sidewalk, the statute begins to run from the time when such claim is disallowed, or the failure of the council to act on the matter amounting to a disallowance. Watson v. City of Appleton, (Minn.) 22 N. W. Rep. 475.

It was held by the supreme court of Ohio in Perry Co. v. Railroad Co., 2 N. E. Rep. 851, that where a railroad company had injured a county bridge, that the statute did not begin to run against a claim on the part of the county against the railroad company for damages until after the bridge had been restored to its former condition by the county commissioners.

9. CORPORATIONS—STOCKHOLDERS. In an action against a stockholder to subject his unpaid shares of stock to satisfaction of a judgment against a corporation, the statute begins to run when the cause of action against the corporation accrued. First Nat. Bank of Garrettsville, Ohio, v. Greene, (Iowa,) 17 N. W. Rep. 86; affirmed on rehearing, 20 N. W. Rep. 754; Baker v. Johnson Co., 33 Iowa, 155. See Prescott v. Gonser, 34 Iowa, 175; Beecher v. Clay Co., 52 Iowa, 140; S. C. 2 N. W. Rep. 1037.

Where one corporation transferred to another all its property, except its franchise, and such other corporation assumed to pay all debts, and a creditor of the grantor, whose claim of action arose before the conveyance was executed, but not yet barred by the statute of limitations, brought suit at law against the grantor, and obtained judgment on which an execution was issued, but returned unsatisfied, and then, after the time fixed by the statute of limitations had run since the cause of action arose against the grantor, brought suit in equity against the grantor and the grantee, it was held that the claim was neither barred by laches nor the statute of limitations. Fogg v. St. Louis, H. & K. R. Co., 17 Fed. Rep. 871.

As to an action by stockholder suing in his own name for benefit of all stockholders against directors for misappropriation, etc., see *infra*, 31, *a*.

10. CO-TENANTS. The statute does not run as against tenants in common until actual ouster. Hume v. Long, (Iowa,) 5 N. W. Rep. 193.

A quitclaim deed by one tenant in common will not set the statute running as against other tenants in common. Moore v. Antell, (Iowa,) 6 N. W. Rep. 14; Hume v. Long, (Iowa,) 5 N. W. Rep. 193.

11. COVENANT. The statute of limitations commences to run against a covenant from the time substantial damage is sustained. Post v. Campau, (Mich.) 3 N. W. Rep. 272.

Where land, the paramount title being in another, is conveyed with covenant of seizin, the covenant is broken on the delivery of the deed, and the statute begins to run. Sherwood v. Landon, (Mich.) 23 N. W. Rep. 778; Matteson v. Vaughn, 38 Mich. 373.

12. DECEDENTS, ESTATES OF. The statute commences to run against a rejected claim on the estate of a decedent from the time of its actual rejection. Bank of Ukiah v. Shoemake, (Cal.) 7 Pac. Rep. 420.

A claim against an estate is not barred because not presented for allowance in time, when, at that time, there was no claim which could be presented for allowance against the estate. Ford v. Smith, (Wis.) 18 N. W. Rep. 925.

Where a cause of action accrues to a person's estate after his death, the statute of limitations commences to run from the date of the accrual, Hibernia S. & L. Soc. v. Conlin, (Cal.) 7 Pac. Rep. 477; Tynan v. Walker, 35 Cal. 634, although there was no person in existence competent to sue, and continues to run from such date without cessation, Tynan v. Walker, 35 Cal. 634; for where the statute of limitations once begins to run, no subsequent disability will stop its running. Oliver v. Pullam, 24 Fed. Rep. 127.

13. DOWER. The statute of limitations does not commence to run against an action to recover dower until there is an adverse possession of the land. Felch v. Finch, (Iowa,) 3 N. W. Rep. 570; Phares v. Walters, 6 Iowa, 106; Starry v. Starry, 21 Iowa, 254; Rice v. Nelson, 27 Iowa, 153; Sully v. Nebergall, 30 Iowa, 339.

14. FRAUD. The statute of limitations does not run against an action based on a fraud until the discovery of the fraud. Perry v. Wade, (Kan.) 2 Pac. Rep. 787; Clews v. Traer, (Iowa,) 10 N. W. Rep. 838; Voss v. Bachop, 5 Kan. 59.

It was recently held by the supreme court of Pennsylvania, in the case of Hughes v. First Nat. Bank of Waynesburg, 1 Atl. Rep. 417, that where government bonds were deposited with a bank for safe-keeping and afterwards pledged by the bank as collateral security for its own debts, and actually sold by the holder, that the putting off of the depositor or his representative from time to time with promises to return the bonds so pledged, the interest being paid in the mean time, is such fraud and concealment as will toll the running of the statute of limitations.

The question of discovery of fraud is a question of fact and must be properly pleaded. Johnson v. Powers, 13 Fed. Rep. 315.

Where it is alleged in the petition that the fraudulent transaction was studiously concealed from plaintiff and his assignor, and that he and his assignor had no means of discovering the same, and did not know thereof until they were disclosed in the examination of a witness in a suit on a day named in the petition, this allegation is sufficient to take the case out of the statute. Traer v. Clews, 6 Sup. Ct. Rep. 165.

Where money is procured to be paid out upon fraudulent representation, the cause of action is presumed to have arisen, and the statute of limitations begins to run when the fraud was committed, Barlow v. Arnold, 6 Fed. Rep. 351; but such presumption may be avoided by alleging and proving the time of the discovery of the fraud. See Carr v. Hilton, 1 Curt. 390; Field v. Wilson, 6 B. Mon. 479; Carneal v. Parker, 7 J. J. Marsh. 455; Baldwin v. Martin, 3 Jones & S. 98; Erickson v. Quinn, 3 Lans. 302; Mitf. & T. Eq. Pl. 356; Story, Eq. Pl. § 754.

It has been held that the statute of limitations does not begin to run against an equitable action for relief, on the ground of fraud, until the aggrieved party has discovered the facts constituting the fraud, or has information of such a nature as would impress a reasonable man with the belief that a fraud had been committed, and would, upon diligent inquiry, lead to the discovery of the facts. O'Dell v. Burnham, (Wis.) 21 N. W. Rep. 635. See Carr v. Hilton, 1 Curt. 390; Kennedy v. Green, 3 Mylne & K. 699; Hovenden v. Lord Annesley, 2 Schoales & L. 607; Martin v. Smith, 1 Dill. C. C. 85: Bailey v. Glover, 21 Wall. 342; First Mass. Turnpike Corp. v. Field, 3 Mass. 201; Homer v. Fish, 1 Pick. 435; Rice v. Burt, 4 Cush. 208; Kane v. Bloodgood, 7 Johns. Ch. 90; App v. Dreisbach, 2 Rawle, 287; Reeves v. Dougherty, 7 Yerg. 222; Haynie v. Hall, 5 Humph. 290; Kuhn's Appeal, 87 Pa. St. 100.

**15. IMPLIED CONTRACT.** Where a cause of action is based on an implied contract, the statute does not begin to run until after the circumstances from which the obligation is inferred arose. Goodnow v. Stryker, (Wis.) 14 N. W. Rep. 345.

**16. JUDGMENT.** Where suit is brought upon a judgment after a return of *nulla bona* upon the execution writ, the statute of limitations, it was held, commenced to run at the time of the return of the execution, and not the entry of the judgment. Taylor v. Bowker, 4 Sup. Ct. Rep. 397.

**17. LEASEHOLD—ASSIGNMENT.** In a suit between the assignor and assignee of a leasehold, for rent accruing, and paid by the assignor subsequent to the assignment, the statute of limitations begins to run in favor of the assignee from the time the assignor paid the accrued rent, and not from the time assignor made default in the payment of the same. Ruppel v. Patterson, 1 Fed. Rep. 220.

**18. MARRIED WOMAN.** Where the statute makes the wife as well as the husband liable for necessary family expenses. the liability of the wife continues as long as there is a right of action against the husband. Frost v. Parker, (Iowa,) 21 N. W. Rep. 507.

**19. MINOR OR WARD—SUIT AFTER MAJORITY.** The statute of limitations commences to run against an action by a ward to recover lands sold by his guardian at the time of ward's attaining majority. Seward v. Didier, (Neb.) 20 N. W. Rep. 12. See Spencer v. Sheehan. 19 Minn. 338, (Gil. 292;) Miller v, Sullivan, 4 Dill. 340; Good v. Norley, 28 Iowa, 188, (overruled by Boyles v. Boyles, 37 Iowa, 592;) Holmes v. Beal, 9 Cush. 223; Norton v. Norton, 5 Cush. 524; Arnold v. Sabin, 1 Cush. 525; Howard v. Moore, 2 Mich. 226; Coon v. Fry, 6 Mich. 506.

Where the party who should bring an action for the seduction of a minor is the person who seduces her, the statute of limitations will not begin to run until after such minor attains her majority. Watson v. Watson, (Mich.) 18 N. W. Rep. 605.

A party having a right to pursue her demand on attaining her majority cannot tack her subsequent disabilities by successive covertures, in order to prevent the operation of the statute of limitations. Gaines v. Hammond's Adm'r, 6 Fed. Rep. 449.

**20. MORTGAGE.** The statute of limitations commences to run against an action to foreclose a mortgage when the cause of action accrued. Herdman v. Marshall, (Neb.) 22 N. W. Rep. 690; Cheney v. Cooper, 14 Neb. 415; S. C. 16 N. W. Rep. 471.

**21. NUISANCE.** It has been held that the statute of limitations commences to run against an action for erecting and maintaining a nuisance by a gas company at the time of erection of the gas-works. Baldwin v. Oskaloosa Gas-light Co., (Iowa,) 10 N. W. Rep. 317.

But the general doctrine is that in an action for damages and abatement of a nuisance the statute of limitations will not be considered to have begun to run until some injury has been caused by the alleged nuisance. Miller v. Keokuk & D. M. Ry. Co., (Iowa,) 16 N. W. Rep. 567; Powers v. Council Bluffs, 45 Iowa, 652.

Every continuance of a nuisance is in law a new nuisance. Ramsdale v. Foote, (Iowa,) 13 N. W. Rep. 557. See Baltimore & P. R. Co. v. Fifth Baptist Church, 2 Sup. Ct. Rep. 719.

And where, in an action for damages, and to abate a nuisance, since the cause of action accrued, the statute of limitations has run, but damage has continued to be done within the time provided by statute, the action is not barred. Drake v. Chicago, R. I. & P. R. Co., (Iowa,) 19 N. W. Rep. 215. See McConnel v. Kibbe, 29 Ill. 483; Bowyer v Cook, 4 Man., G. & S. 236.

22. ON COMING INTO STATE. On removal to another state the statute of limitations commences to run, on a cause of action already accrued, from time of arrival in state. Edgerton v. Wachter, (Neb.) 4 N. W. Rep. 85; Hartley v. Crawford, (Neb.) 11 N. W. Rep. 729; Harrison v. Union Nat Bank, (Neb.) Id. 752.

23. ORDER OR WARRANT ON COUNTY TREASURY. The statute of limitations begins to run against a county warrant when it is presented to the proper authority, and indorsed "not paid for want of funds." Carpenter v. District Tp. of Union, (Iowa,) 12 N. W. Rep. 280.

Where a town clerk has duly paid an order, and is entitled to credit for it at his next settlement, the statute of limitations begins to run at the date of such settlement. Dewey v. Lins, (Iowa,) 10 N. W. Rep. 660. See Prescott v. Gonser, 34 Iowa, 175.

24. PARTNERSHIP—ACCOUNTING. In case of partnership each partner is entitled to an accounting upon dissolution, and statute will run from that date, Near v. Lowe, (Neb.) 13 N. W. Rep. 825; but it does not begin to run against a partnership until the dissolution thereof, or until a sufficient time has elapsed after a demand for an accounting and settlement. Richards v. Grinnell, (Iowa,) 18 N. W. Rep. 668.

25. PROMISE TO PAY, ETC. Where a cause of action, barred by the statute of limitations, is revived by written admission, that removes the bar; the statute runs anew from the date of the admission. Bayliss v. Street, (Iowa,) 2 N. W. Rep. 437.

From the time of the acknowledgment of a debt under circumstances that indicate a willingness or liability to pay the same, the statute of limitations begins to run. Green v. Coos Bay Wagon Road Co., 23 Fed. Rep. 67.

Where a debtor promised to pay "as soon as able," the statute of limitations began to run as soon as he had pecuniary ability to pay; and the question of when that ability arose is for the jury. Tebo v. Robinson, (N. Y.) 2 N. E. Rep. 383.

26. RAPE. The statute of limitations commences to run against action for rape at time of its commission. Van Der Haas v. Van Domselar, (Iowa,) 10 N. W. Rep. 227. But see *supra*, 19.

27. REAL ESTATE—ADVERSE POSSESSION. Adverse possession of real estate, to set the statute of limitations running, must be open, notorious, continuous. Mauldin v. Cox, (Cal.) 7 Pac. Rep. 804.

Mere entry upon land is not sufficient, without open, adverse possession, to stop the running of the statute. Donovan v. Bissell, (Mich.) 19 N. W. Rep. 146.

Going upon wild land, digging, and hunting for a corner and boundary lines, driving cattle on the land, and employing a man to "break" in the following spring, are not such going into possession as will set the statute of limitations in operation so as to carry a title by virtue of adverse possession. Brown v. Rose, (Iowa,) 7 N. W. Rep. 133.

It does not commence to run in favor of an adverse possession of lands until after the issuance of the patent to such lands. Ross v. Evans, (Cal.) 4 Pac. Rep. 443.

It does not run against the owner of unoccupied lands until some one assumes to take adverse possession; and this rule applies as well to an assignee in bankruptcy, who, under the statute, (U. S. Rev. St. ₰ 5057,) must bring suit within two years, as to the original owner. Gray v. Jones, 14 Fed. Rep. 83.

An action to set aside an assignment or conveyance of property made to hinder or delay creditors should ordinarily be brought within the same time after the right accrues as an action at law to recover possession of the same property. Hickox v. Elliott, 22 Fed. Rep. 13.

28. SALARY. The statute begins to run against an action to recover salary of a public officer from time of expiration of his term of office. Griffin v. County of Clay, (Iowa,) 19 N. W. Rep. 327.

Where an employe's wages are due at the end of each month, the statute of limitations begins to run against an action to recover them at the date when they should have been paid. Butler v. Kirby, (Wis.) 10 N. W. Rep. 373; Davis v. Gorton, 16 N. Y. 255; Rider v. Union India R. Co., 5 Bosw. 85; Turner v. Martin, 4 Rob. 661; Mims v. Sturtevant, 18 Ala. 359; Phillips v. Broadley, 11 Jur. 264.

29. **Tax, Illegal—Mandamus.** Statute of limitations begins to run against *mandamus* to compel the refunding of illegal tax from the time of the payment thereof. Beecher v. Clay Co., (Iowa,) 2 N. W. Rep. 1037.

30. **Tax Title.** The statute of limitations does not begin to run in favor of the holder of a tax deed by merely recording the same. To avail himself of the benefits of the statute, his possession must be actual and adverse, and continued for the statutory period. Baldwin v. Merriam, (Neb.) 20 N. W. Rep. 250.

*a. Against Owner of Land.* The statute of limitations commences to run against defense to tax deed from date of sale. Shawler v. Johnson, (Iowa,) 3 N. W. Rep. 604. See Clark v. Thompson, 37 Iowa, 536.

In Wisconsin it is held that the fact that the tax deed issued is void does not prevent the running of the statute in favor of the holder. Peck v. Comstock, 6 Fed. Rep. 22. See Edgerton v. Bird, 6 Wis. 527; Hill v. Kricke, 11 Wis. 442; Knox v. Cleveland, 13 Wis. 245; Lawrence v. Kenney, 32 Wis. 281; Wood v. Meyer, 36 Wis. 308; Marsh v. Supervisors, 42 Wis. 502; Philleo v. Hiles, Id. 527; Oconto Co. v. Jerrard, 46 Wis. 324; Milledge v. Coleman, 47 Wis. 184; S. C. 2 N. W. Rep. 77.

*b. Against the Holder of Tax Deed.* The statute commences to run against one claiming under a tax deed from date of treasurer's deed, where received when entitled to demand the same, Bailey v. Howard, (Iowa,) 7 N. W. Rep. 592; Barrett v. Love, 48 Iowa, 103; otherwise, from time when entitled to deed and not from date of actual execution and delivery. Hintrager v. Hennessy, 46 Iowa, 600.

The statute commences to run against deed without date from day of its delivery. Mc-Michael v. Carlyle, (Wis.) 10 N. W. Rep. 556; for the real date of a deed is the date of delivery, Jackson v. Schoonmaker, 2 Johns. 234; or from the date of filing same for record. Griffith's Ex'r v. Carter, (Iowa,) 19 N. W. Rep. 903; Cassady v. Sapp, (Iowa,) 19 N. W. Rep. 909; Eldridge v. Kuehl, 27 Iowa, 160. But the person purchasing at tax sale must demand and record his deed when he is entitled to do so. Hintrager v. Hennessy, 46 Iowa, 600.

*c. On Failure of Tax Title.* Where tax sale is set aside, or the title acquired fails, the purchaser has a lien for taxes paid, with interest, Harber v. Sexton, (Iowa,) 23 N. W. Rep. 635; which he may enforce by proceedings to foreclose the same, Peot v. O'Brien, 5 Neb. 360; Pettit v. Black, 8 Neb. 52; Wilhelm v. Russell, Id. 120; Miller v. Hurford, 11 Neb. 377; S. C. 9 N. W. Rep. 477; Towle v. Holt, 14 Neb. 222; S. C. 15 N. W. Rep. 203; Reed v. Merriam, 18 N. W. Rep. 137; Zahradnicek v. Selby, 19 N. W. Rep. 645; Sturges v. Crowninshield, 4 Wheat. 122; and the statute of limitations does not begin to run against the right to enforce such lien until the tax deed fails, Schoenheit v. Nelson, (Neb.) 20 N. W. Rep. 205; Bryant v. Estabrook, (Neb.) Id. 245; Otoe Co. v. Brown, (Neb.) Id. 274.

31. **Trusts.** It is a general rule that neither lapse of time, nor the rule of analogy, nor any defense analogous to the statute of limitations, can be set up by a trustee of an express trust. Preston v. Walsh, 10 Fed. Rep. 315; Etting v. Marx's Ex'r, 4 Fed. Rep. 673.

This rule applies only to pure or direct trusts. Newsom v. Board of Com'rs, (Ind.) 3 N. E. Rep. 163.

Yet, when the circumstances require it, especially when the rights of third persons intervene, a court of equity will enforce against the *cestui que trust* its own peculiar maxim, *vigilantibus et non dormientibus jura subserviunt.* Id.

Hence, when the legal title to realty is in one person, and the real interest is in another, the statute of limitations will not run as between the parties until there is a renunciation of the trust, or until the party holding the legal title by some act or declaration asserts a claim adverse to the interests of the real owner. Reihl v. Likowski, (Kan.) 6 Pac. Rep. 886.

But where there is a conflict of claim between trustee and his *cestui que trust,* and the party having the legal estate holds adversely, the statute of limitations will protect the one having the legal title, and who is sought to be converted into a trustee by a decree founded upon fraud, breach of trust, or some inequitable advantage obtained by him. Taylor v. Holmes, 14 Fed. Rep. 498.

*a. Misappropriation, etc.* Where a person misappropriates trust funds, the statute commences to run from the actual misappropriation, or at furthest from the discovery of the fact by the use of reasonable diligence by the party entitled to its benefit. Pierson v. McCurdy, (N. Y.) 2 N. E. Rep. 615; Same v. Same, 33 Hun, 520.

It has been held that an action by a stockholder, suing in his own name for the benefit of all the stockholders, to recover against the directors of a corporation for property lost or stolen through the misconduct, negligence, carelessness, and inattention of such directors, is in the nature of complaint in an equitable action against the directors, as trustees,—one of which courts of equity have jurisdiction, Brinckerhoff v. Bostwick, (N. Y.) 1 N. E. Rep. 663; Robinson v. Smith, 3 Paige, 222; Heath v. Erie Ry. Co., 8 Blatchf. 347; Brinckerhoff v. Bostwick, 88 N. Y. 52; and the statute of limitations will

begin to run as in other cases of breach of corporate trust. See Pierson v. McCurdy, *supra*.

*b. Resultant, Constructive, Implied Trusts.* The statute of limitations will run in favor of the trustee of a resultant or constructive trust from the time he disavows the obligations of the trust. German-American Seminary v. Kiefer, (Mich.) 4 N. W. Rep. 636; Otto v. Schlapkahl, (Iowa,) 10 N. W. Rep. 651; Strimpfler v. Roberts, 18 Pa. St. 283; Gebhard v. Sattler, 40 Iowa, 152; Smith v. Davidson, 40 Mich. 632.

Where a trust arises by implication out of the agreement of parties, and there is no conflict of claim, or adverse possession between the trustee and *cestui que trust*, statutes of limitation do not apply. Taylor v. Holmes, 14 Fed. Rep. 498.

32. VERBAL CONTRACT TO CONVEY. Where money has been paid on a verbal contract to convey land, the statute does not begin to run against an action to recover the same until the date of demand or refusal to convey. Tucker v. Grover, (Wis.) 19 N. W. Rep. 62; Clark v. Davidson, 53 Wis. 317; S. C. 10 N. W. Rep. 384. See Thomas v. Sowards, 25 Wis. 631; N. W. U. P. Co. v. Shaw, 37 Wis. 655.

33. WRONGFUL ACT. Where a wrongful act has been committed, in the absence of fraud the statute begins to run as soon as the wrong is committed, although the plaintiff may be ignorant that a cause of action has accrued, Dee v. Hyland, (Utah,) 3 Pac. Rep. 388; Jordan v. Jordan, 4 Greenl. 175; Thomas v. White, 3 Litt. 177; for the statute does not protect plaintiffs who are ignorant of the facts necessary to enable them to bring suits, unless that ignorance is occasioned by some improper conduct on the part of the defendant. Froley v. Jones, 52 Mo. 64; Wells v. Halpin, 59 Mo. 92.

Failure to credit a payment on a judgment is not a fraud, and the statute of limitations begins to run from the date of the payment. Shreves v. Leonard, (Iowa,) 8 N. W. Rep. 749. See Gebhard v. Sattler, 40 Iowa, 153; Brown v. Brown, 44 Iowa, 349; Phœnix Ins. Co. v. Dankwardt, 47 Iowa, 432; Higgins v. Mendenhall, 51 Iowa, 135.